[No. 5186.   Decided April 18, 1905.]

*In the Matter of the Application of* THOMAS CAMP *for a Writ of Habeas Corpus.*

MUNICIPAL CORPORATIONS—CONSTITUTIONAL LAW—PEDDLERS—REGULATION—PROHIBITION OF PEDDLING WITHIN RESTRICTED DISTRICT. Under Bal. Code, § 739, subd. 34, and city charter of Spokane, § 59, subd. 6, conferring power upon the city to "regulate" peddlers, the city may prohibit peddling fruits, vegetables, butter, eggs, etc., within the fire limits of the city, where such limits are not so extensive as to effect a practically general prohibition in the city.

SAME—CLASS LEGISLATION—SPECIAL PRIVILEGES. An ordinance prohibiting any person from peddling fruits, vegetables, butter, eggs, etc., within the fire limits of a city, excepting farmers disposing of produce grown by themselves, grants special privileges in violation of Const. art. 1, § 12, and is unconstitutional, since such classification can be made only where the regulation is for the purpose of taxation.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered December 23, 1903, upon a hearing of habeas corpus proceedings, discharging from custody a prisoner convicted of violating an ordinance. Affirmed.

*E. O. Connor,* for appellant.

HADLEY, J.—The respondent was arrested, tried, and convicted before the police justice of the city of Spokane,

1Reported in 80 Pac. 547.

on the charge of peddling within the fire limits of said city, in violation of an ordinance prohibiting the peddling of fruits, vegetables, butter, eggs, etc., within said limits. He then applied to the superior court for a writ of habeas corpus, directed to the chief of police of said city. The writ was issued, and, upon return being made thereto, a hearing was had, and the respondent was discharged. The chief of police, in behalf of the city, has appealed.

The respondent has filed no brief in this court, and the following statement appears in appellant's brief:

"The court, after hearing the argument of counsel, made an order discharging the said respondent from custody, and based his decision on the grounds that section 1 of ordinance No. A1512, of the ordinances of the city of Spokane, was void, for the reason that the city under its charter provisions did not have the power to prohibit the business of peddling within the fire limits. All other objections raised by respondent to the ordinance were overruled."

The above statement not being challenged, and the record not showing to the contrary, it is proper that we shall first determine whether the city has the power to prohibit peddling within the limits mentioned. Subdivision 34 of Bal. Code, § 739, confers the following powers upon cities of the first class:

"To regulate the carrying on within its corporate limits of occupations which are of such a nature as to affect the public health or the good order of said city, or to disturb the public peace, and which are not prohibited by law; and to provide for the punishment of all persons violating such regulations, and of all persons who knowingly permit the same to be violated in any building or upon any premises owned or controlled by them."

The charter of the city of Spokane, § 59, subd. 6, provides as follows:

To license, tax, regulate and control, hawkers, peddlers, shows, theatricals, circuses, and all other classes of business not otherwise in this charter provided for."

It is manifest from the foregoing provisions that the power to regulate and control the business of peddling resides in the city of Spokane. Does the power of regulation and control include the power to prohibit within a specified portion of the city? We think it does. If the restricted district were so extensive as to effect a practically general prohibition in the city, of a business lawful within itself, it is possible that a different question might arise. But such a question is not now before us. That the power to regulate includes the power to prohibit a business within specified territory, was directly held in *Cronin v. People,* 82 N. Y. 318, 37 Am. Rep. 564. The court observed as follows:

"We see nothing, therefore, in the language of the other subdivisions to change our conclusion that an ordinance which excludes from a specific place or locality the business of slaughtering cattle is a regulation of that business, and therefore within the power conferred upon the common council by the provision under discussion. Indeed the precise point was long ago adjudged. In *The Village of Buffalo v. Webster* (10 Wend. 100), where a similar ordinance was assailed as in restraint of trade, the court held that an ordinance providing 'that meat shall not be sold in a particular place is good, not being a restraint of the right to sell meat but a *regulation* of that right.' "

Appellant cites the above as a leading case upon the subject, and many others are cited upon this point. But we regard the principle as well settled and shall not indulge in further reference to authorities except to say that the recent case of *In re Garfinkle,* 37 Wash. 650, 80 Pac. 188, recognizes the validity of such an ordinance as applied to a restricted district in the city of Seattle.

There is a question involved here, however, which we think sustains the court's judgment. Section 1 of the ordinance is as follows:

"No person, firm, or corporation shall engage in, prosecute, or carry on the business of peddling fruits, vegetables, butter, eggs, etc., within the fire limits in the city of Spokane. The provisions of this section not to apply to farmers disposing of produce grown by themselves."

It will be seen that farmers, when disposing of products which have been grown as the result of their own efforts, are exempted from the terms of the ordinance. The principle of discrimination presented by said provision was considered in *State ex rel. Luria v. Wagener*, 69 Minn. 206, 72 N. W. 67, 65 Am. St. 565, 38 L. R. A. 677. The court was considering a state statute which purported to license and regulate hawkers and peddlers throughout the state, but the act provided that it should not "be construed to prevent any manufacturer, mechanic, nurseryman, farmer, butcher, fish or milk dealer, selling as the case may be, his manufactured articles or products of his nursery or farm, or his wares, as a fish or milk dealer or butcher, either by himself or employee." It was held that the classification by which the manufacturer or farmer was permitted to peddle his own products but which prohibited those who purchased his products from doing the same thing, rendered the statute unconstitutional and void. The court made the following observations:

"Thus, the manufacturer is allowed, by himself and his employee, to peddle without license the wares of his own manufacture. The legislature can regulate the business of hawker or peddler only for the purpose of preventing it from becoming a nuisance. The business is inherently moral and legitimate in itself, but there is in it a tendency to abuse, as many irresponsible, clamorous and intrusive persons engage in it. It cannot be held, on any

sound principle, that peddling may not become a nuisance as well when the peddler or his employer has manufactured the wares he peddles as when some one else has manufactured them. . . . In the same manner as the act here in question attempts to distinguish between peddling by the manufacturer and his servant and peddling by the purchaser from such manufacturer, it attempts to distinguish between peddling by the farmer or nurseryman and peddling by the purchaser from such farmer or nurseryman; between peddling by the butcher and peddling by the purchaser from such butcher. These distinctions are arbitrary and no proper basis for classification."

The manifest object of the section of the ordinance now under consideration is regulation, and not to raise revenue, for the reason that the excluded persons are not permitted to peddle, even if they should pay a license tax. It has been held that a classification may be valid if the object of the legislation is revenue, and invalid if the object is regulation only. This distinction was recognized in *Rosenbloom v. State,* 64 Neb. 342, 89 N. W. 1053, 57 L. R. A. 922. The classification there upheld was for the purpose of taxation. But, inasmuch as the excluded class in the case at bar are not even given the opportunity to pay a tax, it is manifest that the city council was dealing with peddling in the given district wholly as a nuisance, and not as a subject of taxation. One class is permitted to indulge in the nuisance and others are unconditionally prohibited. Even if it should be conceded that such a classification for the purposes of revenue and taxation may be made, still, since there is no element of taxation involved, we think the classification made by the ordinance grants special privileges, in violation of art. 1, § 12, of the state constitution, which is as follows:

"No law shall be passed granting to any citizen, class of citizens, or corporation other than municipal, privileges

or immunities which upon the same terms shall not equally belong to all citizens or corporations."

For the foregoing reasons, we believe the judgment of the lower court was right, and it is affirmed.

MOUNT, C. J., FULLERTON, and DUNBAR, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.