[No. 25496. Department One. May 14, 1935.]

CONTINENTAL BAKING COMPANY *et al., Appellants,* v. THE CITY OF MOUNT VERNON *et al., Respondents.*[1]

*Frank R. Jeffrey,* for appellants.

*R. V. Welts,* for respondents.

GERAGHTY, J.—Plaintiffs sought to enjoin the defendants, city of Mount Vernon and certain of its officials, from enforcing ordinance No. 736, as amended by

[1]Reported in 44 P. (2d) 821.

ordinance No. 738, of the city, providing for licensing persons engaged in the manufacture or delivery within the city of fresh bakery products.

Section 1 of the ordinance is declaratory of its purpose, and reads:

"The health and welfare of the inhabitants of the city of Mount Vernon is of first importance and depends upon the quality and cleanliness and freedom from harmful substances in and the preparation under sanitary conditions of food furnished such inhabitants."

Section 2, as amended, is as follows:

"No person, firm or corporation shall operate any bakery or engage in the manufacture or delivery within the City of Mount Vernon, Washington, of any bread, pastry, rolls, cakes, pies or fresh bakery products for sale without obtaining a license from the City of Mount Vernon as herein required and no person, firm or corporation shall receive, sell, offer or expose for sale within the City of Mount Vernon any bread, pastry, rolls, cakes, pies or fresh bakery products baked and manufactured or delivered by any person, firm or corporation not having obtained a manufacturers or delivery license and thereby become subject to inspection as required by the other terms of this ordinance, provided, however, no person, firm or corporation operating a retail store in the City of Mount Vernon shall be required to obtain a license to make retail delivery to purchasers within said City of any bread, pastry, rolls, cakes, pies or fresh bakery products sold at retail."

Other provisions of the ordinance prescribed an annual license fee of one hundred dollars and for the inspection by the city health officer of bakeries within the city and of vehicles in which bakery products are delivered. The licensee, having paid the initial one-hundred-dollar fee, is entitled to additional copies of the license, for one dollar each. It is required that a copy of the license shall be displayed conspicuously upon

each vehicle used by the licensee in making deliveries. Section 6 of the ordinance provides that an applicant for a license shall be credited, on account of the fee, with the amount of taxes paid by him upon real and personal property within the city of Mount Vernon within one year of the date of the application. A violation of the ordinance is made a misdemeanor, subject to fine of one hundred dollars for each offense. It is also provided that, if any section of the ordinance be declared invalid, its invalidity shall not affect the remaining sections or provisions of the ordinance.

In their complaint, plaintiffs allege that they are engaged in the business of manufacturing, selling and delivering bakery products in and throughout the several cities of the state, including the defendant city of Mount Vernon, and have their principal place of business in the city of Seattle; that they have secured a valuable trade and business in the city of Mount Vernon, particularly for the sale of their products at wholesale to grocers and other retail distributors of food products; and that, in order to carry on their business, it is necessary for them to deliver their products in the city by motor trucks owned and operated by them, or to cause delivery to be made by auto freight lines operated under license from the state of Washington. It is alleged that the defendants have arrested certain of the drivers employed by plaintiffs, and threaten such arrests, and will do so unless restrained by the court.

The trial court held § 6 of the ordinance, providing for credit upon the license fee for taxes paid on property in the city of Mount Vernon, unconstitutional, but held the ordinance valid in all other respects and entered an order dismissing plaintiffs' action. The order provided that, if the plaintiffs took an appeal from the

order to the supreme court within five days from its date, the defendants should be restrained and enjoined from enforcing the ordinance pending the appeal. The plaintiffs appeal from the order.

The appellants challenge the ordinance as being discriminatory (a) in that § 6 favors residents of the city of Mount Vernon who pay real and personal property taxes, by the credit on the license fee granted to them; and (b) in that the ordinance, and particularly § 2, classifies manufacturers and retail dealers of bakery products by residents and nonresidents of the city, without sufficient reason, and denies to the appellants and other nonresidents privileges accorded to residents. It is also contended the ordinance is void, because the state of Washington has preempted the licensing, taxing and regulation of transportation by motor trucks, thereby depriving the city of the power attempted to be exercised in relation to vehicles engaged in the transportation and delivery of bakery products.

Mount Vernon is a city of the third class and, by Rem. Rev. Stat., § 9127 [P. C. § 797], subd. (g), is authorized

"To license, for the purposes of regulation and revenue, all and every kind of business authorized by law, and transacted and carried on in such city, and all shows, exhibitions and lawful games carried on therein and within one mile of the corporate limits thereof, to fix the rate of license tax upon the same, and to provide for the collection of the same by suit or otherwise."

Independently of this legislative delegation of power, the state constitution, § 11 of Art. XI, provides:

"Any county, city, town or township, may make and enforce within its limits all such local, police, sanitary, and other regulations as are not in conflict with general laws."

Of this provision of the constitution, it is said that it is a direct delegation of the police power, as ample within its limits as that possessed by the legislature itself. *Detamore v. Hindley,* 83 Wash. 322, 145 Pac. 462. Speaking of the police power thus conferred, we have said that it includes

". . . all those regulations designed to promote the public convenience, the general welfare, the general prosperity, and extends to all great public needs, as well as regulations designed to promote the public health, the public morals, or the public safety." *State v. Pitney,* 79 Wash. 608, 140 Pac. 918, Ann. Cas. 1916A, 209.

While the title of the ordinance recites that it is enacted for the purposes of regulation and revenue, it is manifestly regulatory. It is so declared in § 1 of the ordinance.

As we have seen, the trial court held § 6 of the ordinance invalid, and, as the city is not appealing, that section is out of the case. Apart from this section, appellants' principal attack upon the ordinance is directed to § 2, quoted above. It is argued that, by the proviso of the section exempting persons operating retail stores in the city of Mount Vernon from the obligation to obtain the license to make retail deliveries to purchasers within the city, the ordinance is made discriminatory as against nonresidents. But as we read it, § 2 does not discriminate against the appellants as nonresidents of the city. The manifest purpose of § 2 is to require that all manufacturers of fresh bakery products shall pay the same license fee, whether operating within or without the city, and no retailer or other person purchasing for resale is allowed to purchase from a manufacturer not licensed under the ordinance. In view of this last provision, retail stores are

not required to obtain a license for making deliveries within the city, the obvious and proper ground for the exception in their favor being that, before delivery to them, the bakery products have been inspected.

There is here no discrimination in favor of residents, but rather a proper regulation, germane to the purposes of the ordinance. The appellants, operating their bakery in the city of Seattle, are required, before they supply their trade in Mount Vernon, to conform to the regulations imposed upon the local bakeries. When they have complied with the terms of the ordinance, they are on an equal footing with the local bakeries and may deliver their products to the retail stores, who may, in turn, resell them without taking out additional licenses. Or, if the appellants desire to do so, having procured licenses, they may themselves make local deliveries as the resident bakeries may do.

The appellants charge that the purpose of the ordinance is to hamper them in competing with local manufacturers of bakery products. We are not permitted to speculate on the motives prompting the city council in the enactment of the ordinance, so long as we find it reasonable upon its face and within the city's power.

We think appellants' contention that the field covered by this ordinance is preempted by the state is without merit. We find in the ordinance no attempt to interfere with the state's regulation of trucks in the use of the public highways. On its face, the ordinance suggests that it is passed to safeguard the health of the citizens of Mount Vernon by an inspection of bakery products before their delivery for consumption. This can not be said to be an unlawful interference with rights granted by the state to the operators of trucks. A state license grants no immunity from city

regulations designed to protect public health by excluding from sale unwholesome food products.

The judgment is affirmed.

MILLARD, C. J., TOLMAN, BEALS, and MAIN, JJ., concur.