[No. 27139.    Department One.    August 8, 1938.]

THE STATE OF WASHINGTON, *by J. B. Fink, as Director of the Department of Conservation and Development, Appellant,* v. FRUITLAND IRRIGATION DISTRICT *et al., Respondents.*[1]

*The Attorney General* and *George G. Hannan, Assistant (Ed. Peirce,* of counsel), for appellant.

*F. Leo Grinstead* and *Fred J. Cunningham,* for respondents.

MAIN, J.—This action is sought to be maintained under the declaratory judgment law (chapter 113, Laws of 1935, p. 305, as amended by chapter 14, Laws of 1937, p. 39; Rem. Rev. Stat. (Sup.), §§ 784-1 to 784-17 [P. C. §§ 8108-21 to 8108-37].)

The plaintiff was the state of Washinton, by and through the director of the department of conservation and development. The defendants were an irrigation district and the officers and agents thereof. The purpose of the action was to test the validity of certain out-

[1]Reported in 81 P. (2d) 844.

standing irrigation district bonds. After the complaint and answer had been filed, each of the parties moved for judgment on the pleadings. This motion was denied as to the plaintiff and sustained as to the defendants. From the judgment entered, in effect adjudicating that the outstanding bonds were outlawed by reason of the running of the statute of limitations, the plaintiff appeals.

The appellant will be referred to as the director, and the respondents as the district.

The facts about which there is no controversy, as they appear in the pleadings, may be summarized as follows: October 5, 1933, the district had outstanding approximately $266,000 in general obligation bonds, and on that date entered into a contract with the director whereby he agreed to offer, generally, 24½ cents on the dollar principal amount without interest to the various bondholders; the director to advance, for the account of the district, moneys from the state reclamation revolving fund, and the district was to deliver to the director refunding bonds in payment of the advances. In accordance with this contract, the director purchased the greater part of the old bonds, but there remained of those bonds "unpurchased by the director only $2,100 principal amount which are yet outstanding." Subsequent to the date of the agreement between the director and the district, and on October 5, 1933, the Columbia basin dam project was approved by the Federal Congress, and the construction of the same is now in progress and, when completed, will cause "all the lands in the district to be flooded and render further operation of the district impossible."

September 27, 1937, the director, the district, and the construction engineer of the Federal government entered into a contract whereby it was agreed to sell the lands in the district to the government, including those privately owned as well as those owned by the

district, the prices for which were fixed in the contract. In order to clear the title of the lien of the outstanding bonds to the satisfaction of the Federal government, the present action was instituted, to which the owners of those bonds are not parties.

The question sought to be presented is whether the statute of limitations has run against the bonds. Before an action can be maintained under the declaratory judgment law, it must be adversary in character, "that is, between a plaintiff and defendant having opposing interests, and the interests must be direct and substantial and involve an actual as distinguished from a possible or potential dispute, to meet the requirements of justiciability." *Acme Finance Co. v. Huse,* 192 Wash. 96, 73 P. (2d) 341, 77 P. (2d) 595; *Washington Beauty College v. Huse,* 195 Wash. 160, 80 P. (2d) 403.

The facts stated in the pleadings in the present case do not bring it within the rule of the cases just cited. There is here no actual controversy and no adversity of interest. If it should be held that the bonds are outlawed by reason of the running of the statute of limitations, the district would be relieved from the obligation to pay them and the director would be relieved from his obligation to take them up at 24½ cents on the dollar. Such a determination would be the adjudication of the rights of the holders of the bonds as to their validity without their having their day in court by being made parties to the action.

Whether the bonds are outlawed, is a question not now before us and upon which we do not express any opinion.

The judgment appealed from will be reversed, and the cause remanded with direction to the superior court to dismiss the action.

STEINERT, C. J., HOLCOMB, GERAGHTY, and SIMPSON, JJ., concur.