[No. 27113. Department One. November 25, 1938.]

JOSEPH P. MCDERMOTT, *Appellant,* v. THE STATE OF WASHINGTON *et al., Respondents.*[1]

[1]Reported in 84 P. (2d) 372.

80

 

*Joseph P. McDermott, pro se.*

*The Attorney General* and *W. A. Toner, Assistant,* for respondents.

HOLCOMB, J.—This is a proceeding initiated by appellant under the declaratory judgment act, Rem. Rev. Stat. (Sup.), §§ 784-1 to 784-17 [P. C. §§ 8108-21 to 8108-37], Laws of 1935, chapter 113, p. 305, as amended by Laws of 1937, chapter 14, p. 39, to obtain a declaration of rights under Rem. Rev. Stat., §§ 8277-1 to 8277-19 [P. C. §§ 414 to 427f], inclusive, as amended by Laws of 1937, chapter 199, p. 976, which relates to the licensing of barbers.

Respondents demurred to appellant's amended complaint on the ground that it failed to state a cause of action. The demurrer was sustained. Appellant elected to stand upon his complaint and refused to plead further. The trial court entered an order dismissing the action, from which order this appeal is taken.

The germane recitals of the amended complaint are: That appellant operates a certain barber shop in King county known as "McDermott's Barber Shop;" that the state director of licenses is empowered and obligated to prescribe forms and rules to enforce the laws of the state of Washington relating to licenses; that Rem. Rev. Stat., § 8277-13 [P. C. § 426], as amended by Laws of 1937, chapter 199, p. 978, § 4, providing that two photographs shall accompany all applications for renewal of barber licenses and that the licensee's photograph shall be placed in a conspicuous place in front of his working chair in his place of business, prescribes a display of photographs in the nature of the long established "Rogues' gallery system of criminal identifica-

tion," and therefore constitutes a pernicious abrogation of indefeasible rights, privileges, and immunities of appellant, his lessee barbers, and all other barbers similarly situated; that, by reason of appellant's failure to comply with the statute relating to photographs and the director's regulations with reference thereto, appellant and his associates were threatened with the imposition of the penalties set forth in Rem. Rev. Stat., § 8277-17 [P. C. § 427d]; and that appellant has been granted a license to practice barbering in this state and is presently engaged in practicing that occupation.

It is further alleged that Rem. Rev. Stat., § 8277-3 [P. C. § 416], as amended by Laws of 1937, chapter 199, p. 977, § 2, providing that every applicant for a license to follow the occupation of barber shall have a diploma showing graduation from an eighth grade grammar school, or present satisfactory proof of an equivalent education, is unconstitutional, because it constitutes a denial of equal protection of the laws; that Rem. Rev. Stat., § 8277-5 [P. C. § 418], as amended by Laws of 1937, chapter 199, p. 977, § 3, relating to the nature, scope, and content of the examinations given to applicants for a license, is unconstitutional.

It is also alleged that the effect of the repeal of Rem. Rev. Stat., §§ 8277-4 and 8277-10 [P. C. §§ 417, 423], by Laws of 1937, chapter 199, p. 979, § 6, is to deprive a duly licensed barber, licensed by one of the several states of the United States other than the state of Washington, of his freedom of action as contemplated by the constitution in lawfully moving from one state to another in the United States for the purpose of practicing his occupation of barbering, and is therefore, in respect to appellant, his lessee barbers, and all barbers similarly situated, in contravention of the fourteenth amendment of the Federal constitution, and § 3, relating to due process, § 12, pertaining to the granting of spe-

cial privileges and immunities, and § 23, relating to laws impairing the obligation of contracts, of Art. I of the constitution of this state.

Finally, it is averred that Rem. Rev. Stat., §§ 8277-1 to 8277-19, as amended by Laws of 1937, chapter 199, have been enacted under the mere pretense of further protecting the public health, safety, and morals with reference to the practice of the occupation of barber and of the operation of barber shops, and hence is violative of the fourteenth amendment of the constitution of the United States and the above-mentioned sections of Article I of the constitution of this state in respect to appellant, his lessee barbers, and all barbers similarly situated.

Accordingly, appellant prayed for a declaration of his legal rights.

This appeal presents for decision the question as to whether or not the trial court erred in sustaining the demurrer and dismissing the action.

It should be observed that the director of licenses instructed all barbers, licensed under the laws of this state, to mail to the department of licenses, with their annual renewal fees, two 2½″ square photographs of themselves, bearing the licensee's signature. This course of action is prescribed by Laws of 1937, chapter 199, p. 978, § 4, Rem. Rev. Stat. (Sup.), § 8277-13 [P. C. § 426], which reads:

"It shall be the duty of any holder of any license, or student certificate issued under this act to post the same in a conspicuous place in front of his working chair, where it may be readily seen by all persons whom he may serve. A photograph of the applicant shall also be placed with the license where it may readily be seen by all persons whom he may serve. All applicants for renewal of barber licenses due in July, 1937, shall be accompanied by two photographs of the applicant, as prescribed by the director of licenses."

█ It is first necessary to determine to what extent, under the pleadings and record, this court may assume jurisdiction under the declaratory judgment act.

No showing has been made that applicant has been refused a license because of any educational deficiency by reason of the educational requirements prescribed by Laws of 1937, chapter 199, nor are any barbers from outside the state parties to his proceeding. Thus, the only question in which appellant has any direct and substantial interest so as to meet the requirements of justiciability under the declaratory judgment act, is whether he, as a licensee barber, is required to comply with Rem. Rev. Stat. (Sup.), § 8277-13, and the regulations of the director relating thereto. *Washington Beauty College v. Huse,* 195 Wash. 160, 80 P. (2d) 403; *State v. Fruitland Irr. Dist.,* 196 Wash. 11, 81 P. (2d) 844; *Adams v. Walla Walla,* 196 Wash. 268, 82 P. (2d) 584.

█ Every reasonable presumption must be indulged in favor of the constitutionality of this statute, and the burden rests upon appellant to establish clearly its invalidity. *State v. Hanlen,* 193 Wash. 494, 76 P. (2d) 316, and cases cited.

█ In the exercise of police power, the legislature is vested with a wide discretion not only to determine what the public interest requires, but also to adopt measures necessary for such protection. The wisdom, necessity, and expediency of a statute are questions within the province of the legislature alone, and if the legislature proceeds regularly and violates no constitutional restriction, and a state of facts can reasonably be presumed to exist which would justify the legislation, the court will presume that it did exist, and that the law was enacted for that reason. If, however, no such state of facts could exist to justify the statute, then it may be declared void because it transcends the con-

stitutional limits of the legislative power. *Continental Baking Co. v. Mount Vernon,* 182 Wash. 68, 44 P. (2d) 821; *Shea v. Olson,* 185 Wash. 143, 53 P. (2d) 615, 111 A. L. R. 998, and cases cited.

In defining the term "police power" this court has said:

"In determining the validity of the law, therefore, inquiry must be directed to whether its provisions come within the scope of the police power. The early decisions define this power as extending to those regulations promulgated by or under the authority of the legislature which had for their object the promotion of the public health, the public morals, or the public safety. Without reviewing the evolution of the law upon this subject, as evidenced by the decisions of courts of last resort, it may be said that, whatever may be the limits by which the earlier decisions circumscribed the power, it has, in the more recent decisions, been defined to include all those regulations designed to promote the public convenience, the general welfare, the general prosperity, and extends to all great public needs, as well as regulations designed to promote the public health, the public morals, or the public safety." *State v. Pitney,* 79 Wash. 608, 140 Pac. 918, Ann. Cas. 1916A, 209.

"However difficult it may be to give a precise or satisfactory definition of 'police power,' there is no doubt that the state, in the exercise of such power, may prescribe laws tending to promote the health, peace, morals, education, good order and welfare of the people. Police power is an attribute of sovereignty, an essential element of the power to govern, and a function that cannot be surrendered. It exists without express declaration, and the only limitation upon it is that it must reasonably tend to correct some evil or promote some interest of the state, and not violate any direct or positive mandate of the constitution." *Shea v. Olson, supra.*

Barbering, as such, is a legitimate and almost indispensable business as our modern society is con-

stituted. , Since the general public come in physical contact with and require the personal services of those engaged in the practice of barbering, it is essential that this occupation be regulated for the protection of the public health. To protect the public from the transmission of communicable diseases by barbers to patrons, the legislature, at an early date, provided for the licensing of barbers only after the state board of examiners were satisfied the applicant for a license was free from contagious or infectious diseases. Laws of 1901, chapter 172, p. 349. That the legislature may enact laws for the protection of the public health and may license barbers with that end in view, is well settled. *State v. Walker*, 48 Wash. 8, 92 Pac. 775; *State v. Leftwich*, 142 Wash. 329, 253 Pac. 448, 59 A. L. R. 539; 2 Cooley, Constitutional Limitations (8th ed.), 270.

It is manifest that the requirement set forth in Rem. Rev. Stat. (Sup.), § 8277-13, that the holder of any license to practice barbering must post a photograph in a conspicuous place in front of his barber chair in his place of business so that it may be readily observed by patrons, was designed to safeguard the public against persons unlawfully holding themselves out as licensees when, in fact, they were not.

Photographs are modernly used to a considerable extent for the purpose of identification and to safeguard against misrepresentation and imposture. Immigrants to the United States are required to furnish two copies of their photographs to the appropriate consular officer, and one copy is required to be attached to the passport. 8 U. S. C. A., § 202 (b). Each applicant, upon making his declaration of intention to become a citizen of the United States, and upon petitioning for citizenship, is required to furnish two photographs of himself. 8 U. S. C. A. (Sup.), § 377 (c). Chinese laborers are required to accompany certificates of residence filed with the

commissioner general of immigration with photographs. 8 U. S. C. A., §§ 278, 289. Some states require a photograph of the licensee to be attached to a hunter's license.

The question is presented whether the statute requiring the posting of photographs has a reasonable relation to the public health. The public being vitally interested in the maintenance of reasonably sanitary standards to insure that the licensees are free from contagious diseases, and since the posting of photographs will deter unauthorized persons, who may be physically and morally disqualified, from practicing barbering, and will enable the public to discern more easily unauthorized barbers, the requirement of photographs does have a direct relation to the public health and constitutes a valid exercise of the police power.

Appellant contends the device of photographs is comparable to the "Rogues' gallery system of criminal identification." It cannot be said that the use of photographs for the purpose which the statute directs is unlawful and unreasonable merely because they are exhibited to the public generally, and because some persons may associate rogues' gallery pictures with all photographs used for the purpose of identification. It is a protection to the licensee himself.

Appellant relies upon the case of *Patton v. Bellingham,* 179 Wash. 566, 38 P. (2d) 364, 98 A. L. R. 1076; *Amitrano v. Barbaro,* 1 Atl. (2d) (R. I.) 109, and a number of other cases of like import. These cases involve the validity of legislation, with respect to the exercise of police power, fixing the opening and closing hours of barber shops, and are not in point here.

The judgment of the trial court is correct and is affirmed.

STEINERT, C. J., MAIN, BLAKE, and ROBINSON, JJ., concur.