[No. 27672. Department One. October 11, 1939.]

CONSOLIDATED FREIGHT LINES, INC., *et al.*, *Appellants*,
v. THE DEPARTMENT OF PUBLIC SERVICE *et al.*,
*Respondents.*[1]

[1]Reported in 94 P. (2d) 484.

*James A. Brown* and *Lloyd E. Gandy,* for appellants.

*The Attorney General* and *Don Cary Smith, Assistant (Joseph Starin,* of counsel), for respondent Department of Public Service.

*Randall & Danskin,* for respondent Davenport Hotel, Inc.

MAIN, J.—This is an appeal from a judgment of the superior court affirming an order of the state department of public service.

All of the appellants are now, and at all times in this action mentioned were, common carriers of freight in this state, authorized by the department of public service to haul freight by motor vehicle. The Davenport hotel is the principal hotel in the city of Spokane. In the course of its business, it had a large amount of freight and baggage moving to and from its place of business, both intrastate and interstate. Each of the appellants was serving the hotel in the capacity of picking up freight or baggage at its place of business and delivering it anywhere in this state or in the regular channels of interstate commerce, and each was delivering freight to the hotel which had its origin both in intrastate and interstate commerce.

In August, 1937, a strike of its laundry workers was called at the Davenport hotel, and a picket line was thrown around the hotel. After this was done, the local manager of the Teamsters' Union served notice on each of the appellants to the effect that they would not be allowed to make deliveries or pickups of freight or baggage at the hotel. All the operators of the appellants' motor trucks were members of the Teamsters' Union. The local manager told the appellants that, if they permitted the trucks to go through the picket line, or discharged any of their employees for refusal to go through, he would call a strike of all of the em-

ployees of the appellants who belonged to the Teamsters' Union. After this, the trucks of the appellants did not go through the picket line, though other trucks constantly did. At the picket line, there was no violence or disturbance of any kind, and no one passing through the line was molested in any way. The only reason that the appellants refused to send their trucks through the line was that the local managing agent of the Teamsters' Union told them that, if they did, he would call a strike of the members of the union.

This condition obtained for some time and until the hotel filed a complaint with the department on October 15, 1938. On the same day, the department set the matter for hearing for October 28, 1938. Three or four days prior to the hearing, the local managing agent told the appellants that they could send their trucks through the picket line. Sometime prior to this, the local agent had released the ban so far as interstate commerce was concerned. A hearing was had before the department, and resulted in an order suspending the permit, under which each one of the appellants operated, for a period of thirty days, but provided that such suspension should not become operative during the continued compliance by the appellants with the provision of the law and of the order. From this order, the appellants took the case to the superior court for review. After a hearing there, the order of the department was affirmed, and it is from this order that the appeal was prosecuted.

Upon the appeal, two questions are presented: First, whether the action had become moot; and second, whether the tariff published by the appellants, approved by the department, and in effect during the time the appellants refused to go through the picket

line, exempted them from serving the hotel, under the circumstances.

If the question has become moot, it is solely by reason of the fact that, a few days before the hearing in the department, the managing agent of the Teamsters' Union permitted the trucks to cross the picket line. This action on the part of the manager of the union fell far short of making the question on the merits moot. *Baasch v. Cooks Union, Local No. 33*, 99 Wash. 378, 169 Pac. 843; *Fornili v. Auto Mechanics' Union Local No. 297, ante* p. 283, 93 P. (2d) 422.

Upon the merits, if the appellants were exempt from crossing the picket line, it is by reason of a provision in the tariff under which they were operating. This provision is as follows:

"Impractical Operation: Nothing in this tariff shall be construed as making it binding on carriers to pick up and/or deliver freight at locations from and to which it is impracticable to operate trucks on account of conditions of highways, roads, streets or alleys, or because of riots or strikes, or when loading or unloading facilities are inadequate."

If the appellants were excused by this provision, they must rely solely upon the contention that, under the statement in the tariff, it was impractical to operate the trucks because of the strike. "Impractical," as used in this tariff, clearly refers to the conditions at the picket line, and, as already pointed out, the conditions there were not such as to make it impractical for the trucks to pass through.

The question then arises whether the appellants were excused by reason of the law. They being common carriers, it was their duty, under the facts and circumstances of this case, to send their trucks through the picket line. 13 C. J. S. 407; I Moore on Carriers (2d ed.), 124; *Chicago, B. & Q. R. Co. v. Burlington, C. R.*

& N. R. Co., 34 Fed. 481; *Burgess Bros. Co. v. Stewart,* 112 Misc. 347, 184 N. Y. Supp. 199.

The judgment will be affirmed.

BLAKE, C. J., MILLARD, ROBINSON, and SIMPSON, JJ., concur.