[No. 28013. *En Banc.* February 14, 1941.]

A. J. BAUER et al., *Appellants,* v. THE STATE OF WASHINGTON *et al., Respondents.*[1]

[1]Reported in 110 P. (2d) 154.

*Poe, Falknor, Emory & Howe,* for appellants.

*The Attorney General* and *Geo. G. Hannan, Assistant,* for respondents.

BEALS, J.—Plaintiffs instituted this action, naming as defendants the state of Washington and Walter J. Robinson, as director of agriculture, asking a declaratory judgment declaring unconstitutional chapter 112, Laws of 1939, p. 319 (Rem. Rev. Stat. (Sup.), § 6294-51 [P. C. § 2553-21] *et seq.*),

"An Act relating to the manufacture and distribution of candy and other confectionery products, and regulating the same; providing for the protection of public health and the prevention of frauds; defining terms; providing for permits and certificates and the procedure for revocation or suspension thereof; and prescribing penalties."

Defendants demurred to plaintiffs' complaint upon several grounds, one being that the complaint failed to state facts sufficient to constitute a cause of action. The trial court sustained defendants' demurrer upon the

ground referred to, the judgment so stating, and, plaintiffs having elected to stand upon their complaint, judgment was entered dismissing the action with prejudice, from which judgment plaintiffs have appealed.

In a memorandum opinion filed prior to the entry of judgment, the trial court expressed the view that the demurrer should be sustained for two reasons, which the court stated in the following language:

"First, the plaintiffs are not in a position to show, and do not show, a justiciable question existing between them and the defendants which gives the court jurisdiction to proceed under the declaratory judgment law.

"Second, the act is within the discretionary power of the legislature in the matter of fixing classification, and it does not violate any constitutional provision."

Appellants assign error upon the entry of the order sustaining the demurrer, and upon the judgment dismissing the action.

The following portions of the act should be considered on this appeal:

Section 1, p. 319. "It is hereby found and declared that the protection of public health and welfare requires certain control and regulation of the manufacture and distribution of candy and other confectionery products and of the persons engaged therein, in order that there may be prevented or eliminated insanitary or unhealthful conditions in connection with such manufacture and distribution which endanger public health and jeopardize the public source and supply of a nourishing, healthful food." Rem. Rev. Stat. (Sup.), § 6294-51 [P. C. § 2553-21].

Sec. 4, p. 320. "The term 'confectioner' shall mean any person who prepares, processes, manufactures, sells, or distributes any confection within the State of Washington: *Provided, however,* That this definition shall not be construed to include any person selling confections exclusively at retail in a fixed place or places of business." Rem. Rev. Stat. (Sup.), § 6294-54 [P. C. § 2553-24].

Sec. 5, p. 320. "The term 'confectionery' shall mean any place, premises, or establishment where confections are regularly prepared, processed, manufactured, sold, or distributed, exclusive, however, of any place, premises, or establishment where confections are sold exclusively at retail in a fixed place or places of business." Rem. Rev. Stat. (Sup.), § 6294-55 [P. C. § 2553-25].

Sec. 8, p. 320. "No confectioner shall operate within this state without a state confectioner's permit. Application for such permit shall be made in writing, and under oath, to the director upon such forms and with such pertinent information as shall be required by him." Rem. Rev. Stat. (Sup.), § 6294-58 [P. C. § 2553-28].

Sec. 18, p. 323. "No person shall prepare, process, manufacture, sell, distribute, or handle any confection containing any wormy, moldy, verminous, noxious, harmful, injurious, or deleterious substances." Rem. Rev. Stat. (Sup.), § 6294-68 [P. C. § 2553-38].

Section 10, p. 321 (Rem. Rev. Stat. (Sup.), § 6294-60 [P. C. § 2553-30]), provides for the payment of an annual fee of five dollars for the "confectioner's permit" referred to in § 8. Other sections provide for the cancellation by the director of any permit which has been issued, if the permittee has violated any provisions of the act or any other statute of this state, or has permitted the "confectionery premises" or any equipment therein to become insanitary, and has failed to correct such condition within ten days after being required by the director to do so.

The act also provides that no person shall be permitted to work in any "confectionery," as defined by the act, without holding a physician's certificate of health, to be issued upon payment of a fee not exceeding two dollars, such certificates to be effective for six months.

The act also provides that the director shall have

the right to inspect any confectionery, and that it shall be unlawful for any confectioner to sell confectionery products upon consignment, or to place any confectionery products with any person under an agreement that any of such products not sold will be taken back and credit allowed therefor, this latter provision being subject to the exception that the confectioner may exchange products, or make an allowance or adjustment covering any confectionery products sold or delivered in a damaged condition, if such adjustment be made within thirty days from the date of sale.

In their complaint, appellants allege that they are in the business of selling candy exclusively to retail dealers, making no sales to the consumer; that the respondent Robinson, as director of agriculture, has ruled that appellants are confectioners, within the definition of that term as contained in the act, and appellants state that, for the purposes of this action, they assume without admitting that the director has correctly so ruled. It is also alleged that the retail dealers who are appellants' customers all sell confections at retail at fixed places of business. Appellants further allege that all of the candy in which they deal is sold to appellants in boxes or cartons, sealed with cellophane or wrapped in some other sanitary wrapping; that none of such candy is ever handled or sold by appellants in bulk, or in any manner other than the original containers in which it is received by appellants; that all of the candy sold by appellants is manufactured in accordance with the requirements of the Federal food and drug act and meets all the regulations thereof.

The complaint contains other allegations, which will be considered in discussing appellants' argument in support of their contention that the act is unconstitutional. The complaint concludes with a reference

to § 22 of the act, p. 324 (Rem. Rev. Stat. (Sup.), § 6294-72 [P. C. § 2553-42]), which provides that any person violating any provision thereof shall be guilty of a misdemeanor, and an allegation that prosecution of appellants for alleged violations of the act are imminent, and that a declaratory judgment should be entered holding the act unconstitutional and void.

Appellants argue that the act is unjustly discriminatory, in that it affects them, as wholesale dealers in candy, when neither they nor their employees handle the candy save in sealed boxes or cartons, while the act exempts from the scope thereof retail dealers who sell candy over the counter and who handle the candy in the course of arranging it for sale and selling it. It is also argued that the statute in question, while purporting to be a health measure, exempts from its operation the retail dealers who actually handle the candy, and is unreasonable in that it requires a physical examination of appellants' employees, while no such examination is required of persons selling candy at retail. Appellants also complain of the act for the reason that it makes it unlawful for them to sell confections upon consignment, and that this provision is unfair, unreasonable, and void, and not within the purview of the declared purpose of the act.

██ Under the cases of *Acme Finance Co. v. Huse,* 192 Wash. 96, 73 P. (2d) 341, 114 A. L. R. 1345, and *McDermott v. State,* 197 Wash. 79, 84 P. (2d) 372, the complaint herein states a proper case for the entry of a declaratory judgment pursuant to Rem. Rev. Stat. (Sup.), § 784-1 [P. C. § 8108-21] *et seq.* (Laws of 1935, chapter 113, p. 305, as amended by Laws of 1937, chapter 14, p. 39).

Appellants argue that, because the statute here in question is regulatory, the authority of the legis-

lature to classify persons to whom the act shall apply is more restricted than it is in statutes enacted for the purpose of raising revenue, citing *In re Camp,* 38 Wash. 393, 80 Pac. 547; *Spokane v. Macho,* 51 Wash. 322, 98 Pac. 755, 30 Am. St. 1100, 21 L. R. A. (N. S.) 263; and *Pearson v. Seattle,* 199 Wash. 217, 90 P. (2d) 1020. The statute here in question is undoubtedly regulatory in its nature and should not be classed as a revenue measure.

Appellants vigorously contend that, because retail dealers in confections are excepted from the operation of the act, appellants, who purchase from the manufacturer and sell to the retailer and who are subjected to the provisions of the act, are denied the equal protection of the law, in contravention of the constitution of the United States (fourteenth amendment), and of that of the state of Washington (§ 12, Art. I). Appellants argue that, as the act by its terms applies to them, and as they do not handle candy directly, and does not apply to retail dealers, the act is arbitrary, whimsical, and capricious, and should be held void.

In the case of *State ex rel. Bacich v. Huse,* 187 Wash. 75, 59 P. (2d) 1101, this court, referring to the general test which must be met by legislative classification, said:

"To comply with these constitutional provisions, legislation involving classifications must meet and satisfy two requirements: (1) The legislation must apply alike to all persons within the designated class; and (2) reasonable ground must exist for making a distinction between those who fall within the class and those who do not.

"Within the limits of these restrictive rules, the legislature has a wide measure of discretion, and its determination, when expressed in statutory enactment, cannot be successfully attacked unless it is manifestly arbitrary, unreasonable, inequitable, and unjust."

Clearly, the business of selling confections, as defined in the act, is a proper subject for legislative regulation. It is also true that the statute in question applies equally to all persons in appellants' position as wholesalers or jobbers of candy.

Appellants argue that, as a health measure, the statute fails in its purpose, as it covers only a part of the field of the selling of confections, and that more danger to the public lurks in that portion of the business which is not covered by the act. Of course, this same argument could be urged against the statute if it covered all branches of the manufacture and sale of confections, while the handling and sale of other articles used for human consumption remain unregulated.

In support of their contentions, appellants cite many authorities, some of which we shall now consider.

In the case of *State ex rel. Bacich v. Huse, supra,* the use of gill nets for catching salmon was prohibited, but persons who held licenses to fish with such appliances during the years 1932 and 1933 were exempted from the operation of the act. It was held that the act was void, because the classification was unreasonable and amounted to no more than an arbitrary exemption. The case is not in point here, as this act operates equally upon all persons within the class described. That it does not embrace a wider group of persons, presents a different question than was considered in the case cited.

The same is true of the case of *State v. Robinson Co.,* 84 Wash. 246, 146 Pac. 628, in which a regulatory statute providing for the inspection and regulation of the sale of commercial feeding stuff was held void, because it exempted from the operation of the act cereal and flour mills. It was held that the act, which permitted the mills to sell feeding stuffs without complying with

the terms of the act, while all other persons selling the same article were required to comply with the act, imposed an unreasonable burden upon the latter group. The act here in question exempts from the operation of the law no one within the designated class. It is argued that there is quite as much reason for regulating the business of selling candy at retail as there is for regulating the sale of candy at wholesale, but that argument attacks the exercise of legislative powers upon a different ground than the exercise of such powers was attacked in the cases relied upon by appellant.

The case of *Continental Baking Co. v. Mount Vernon,* 182 Wash. 68, 44 P. (2d) 821, involved a city ordinance which required persons engaged in the manufacture or delivery, within the city, of fresh bakery products, to pay a license fee, and provided that no person operating a retail store in the city should be required to obtain a license to sell the same products at retail. The ordinance was attacked as discriminatory as against nonresident manufacturers, but this court held the ordinance good, and that the same contained no illegal discrimination in favor of residents of the city, the nonresidents having the same right to take out a license and dispose of their products within the city limits as that enjoyed by residents of the city. In the course of the opinion, we said:

"The appellants charge that the purpose of the ordinance is to hamper them in competing with local manufacturers of bakery products. We are not permitted to speculate on the motives prompting the city council in the enactment of the ordinance, so long as we find it reasonable upon its face and within the city's power."

In the case of *Garretson Co. v. Robinson,* 178 Wash. 601, 35 P. (2d) 504, the constitutionality of chapter 67, Laws of 1933, p. 342, an act relating to merchants en-

gaged in buying and selling agricultural products, was in question. The act excluded from its operation persons purchasing from the producer, who are "exclusively retail merchants having a fixed place of business." The statute was attacked as discriminatory upon several grounds. This court sustained the constitutionality of the act, holding that the legislative classification had for its support a reasonable and fair basis. The case is in point here. In the course of the opinion, we said:

"A legislative act is not violative of any of the constitutional provisions mentioned so long as the classification involved is reasonable and has a fair basis. It is generally held that the courts will not look too nicely into legislative acts to determine whether a reasonable distinction exists. A discrimination is valid if not arbitrary in the legislative sense, and a classification may rest on narrow distinctions."

The act here in question cannot be held unconstitutional because it applies to wholesalers or jobbers of confections and exempts from its operation persons selling such products at retail. It can be argued that the latter class of persons should also be subject to statutory regulation, but that is a matter within the legislative authority, and it cannot be held that the act now under attack is unconstitutional as containing a classification so unreasonable as to be beyond the power of the legislature.

 Appellants call attention to § 18 of the act, *supra*, contending that the term "person," as defined in the act to "include individual, firm, corporation, association, or club," applies to retailers of confections, or anyone selling any such product, which is wormy, moldy, etc., or contains deleterious substances. While it is true that § 18 of the act indicates that the legislature desired to protect the public against the sale of unwholesome · candy, no matter by whom sold, the

inclusion of this section does not render the entire act obnoxious to the attack levied against the act by appellants.

Appellants contend that two sections of the act are objectionable, one as having no logical connection with the purpose of the act, the other as being vague and indefinite, and vesting arbitrary power in the director. It is not necessary to consider these matters in deciding the questions to be here determined.

■ There can be no question but what the sale of confections, as defined in the act, was a proper subject for legislative regulation. The fact that good reasons may be advanced for the enactment of a law broader in its scope than the act now under attack, affords no sufficient reason for holding the act which the legislature passed to be unconstitutional.

■ In the recent case of *State ex rel. Department of Finance, Budget & Business v. Thurston County,* 199 Wash. 398, 92 P. (2d) 234, we said:

"In passing upon the constitutionality of a legislative enactment, several things must always be kept in mind. Courts will not sit to review or revise legislative action, but rather to enforce the legislative will when acting within its constitutional limits. A legislative act carries with it the presumption of its constitutionality, and will not be declared void unless its invalidity appears beyond a reasonable doubt."

Under our decisions, with particular reference to the case of *Garretson Co. v. Robinson, supra,* and in consideration of the principles of law applicable to the construction of legislative acts, we are convinced that the trial court correctly ruled that appellants' complaint failed to state facts sufficient to warrant the relief demanded.

The judgment appealed from is affirmed.

ALL CONCUR.