[No. 27138. Department One. September 13, 1938.]

CHESTER ADAMS et al., Appellants, v. THE CITY OF WALLA WALLA, Respondent.[1]

John C. Hurspool, for appellants.

T. P. Gose, Harry L. Olson, J. H. Immel, and Charles L. Powell, for respondent.

Herbert Ringhoffer, Cameron Sherwood, Vanderveer & Bassett, Houghton, Cluck & Coughlin, and L. Presley Gill, amici curiae.

HOLCOMB, J.—Appellants brought this action under the uniform declaratory judgments act, Rem. Rev. Stat.

[1]Reported in 82 P. (2d) 584.

(Sup.), §§ 874-1 to 784-17 [P. C. §§ 8108-21 to 8108-35], Laws of 1935, chapter 113, p. 305, as amended by Laws of 1937, chapter 14, p. 39, to obtain a judgment respecting the validity of ordinance No. A-1081 of the city of Walla Walla. It relates to walking back and forth, loitering or remaining upon the streets or sidewalks in front of any business establishment in Walla Walla. From a judgment adjudging the ordinance to be valid, this appeal is taken.

This ordinance, which was enacted by the city commission, on December 29, 1937, provides:

"SECTION 1. It shall be unlawful for any person to walk back and forth, loiter or remain upon the streets or sidewalks in front of any business house of the City of Walla Walla for the purpose of persuading or intimidating any person from entering said place of business for the purpose of transacting business therein; provided, however, that this Ordinance shall not apply to employees of said business or to any person who has been an employee of said business within ninety (90) days of engaging in such prohibited acts.

"SECTION 2. Any person violating any of the terms of this Ordinance shall upon conviction thereof be fined not to exceed One Hundred ($100) Dollars or imprisoned in the City Jail for a period of not to exceed thirty (30) days, or both such fine and imprisonment.

"SECTION 3. This ordinance is necessary for the immediate preservation of the public peace, health and safety and shall be in effect immediately upon its passage and publication."

Appellant Adams is now and has been for many years a resident and taxpayer of Walla Walla; is the duly elected president of co-appellant, the Trades and Labor Council, which is a voluntary unincorporated association composed of all the trade unions in Walla Walla, organized for the purpose of promoting the welfare of all unions and their members; and is a member of one of the unions affiliated with that council.

In the complaint, appellants allege that it becomes necessary in the event that a labor dispute arises between the members of the labor unions affiliated with the trades and labor council and their employers, to call strikes for the purpose of securing a proper and favorable settlement of such labor disputes; that in order to render such strikes effective it is necessary that the public be informed of the existence of such strike, of the parties interested therein and of the reason therefor; that persons patrol the place of business of employment; and that unless persons other than employees in such business are permitted to engage in such patrolling, no proper patrol can be maintained; that such limitation upon patrolling would render strikes ineffective and would prevent any proper or satisfactory settlement of such labor dispute; and that this ordinance violates Art. I, §§ 3 and 12, and Art. XI, § 11, of the constitution of this state and the fourteenth amendment of the Federal constitution.

By its answer, respondent puts in issue the question of the validity of the ordinance.

The trial court entered findings of fact and conclusions of law, and concluded that appellants had a sufficient interest to bring this action under the declaratory judgments act.

Since the question as to whether or not this court could entertain jurisdiction of this proceeding under the declaratory judgments act was assumed and was neither briefed nor argued, supplemental briefs on that question were requested and the authorities cited therein have been examined. We do not consider them apposite in this matter.

No strike or restraint by the city of patrolling or loitering, pursuant to the ordinance in question, has been alleged, nor has any actual enforcement thereof, with respect to appellants, been shown. There is

nothing alleged but a remote, contingent peril to appellants. Any decision at this time, in the absence of any controversy, would be purely academic. Borchard on Declaratory Judgments (1934), 44. We are compelled to conclude that no justiciable issue has been presented to entitle appellants to invoke the declaratory judgments act. *Washington Beauty College, Inc. v. Huse*, 195 Wash. 160, 80 P. (2d) 403; *State v. Fruitland Irrigation Dist., ante* p. 11, 81 P. (2d) 844.

█ Although the parties have stipulated that appellants have a sufficient interest in the present litigation to enable them to maintain this action, parties cannot stipulate that a justiciable controversy exists so as to clothe this court with jurisdiction, when it does not, in fact, exist under the pleadings and the record as made. *Washington Beauty College, Inc. v. Huse, supra,* and cases cited.

The judgment is reversed, and remanded with instructions to dismiss the proceeding.

STEINERT, C. J., MAIN, GERAGHTY, and SIMPSON, JJ., concur.