[No. 27865. Department Two. May 7, 1940.]

J. S. HEISEY, *Appellant,* v. THE PORT OF TACOMA
et al., *Respondents.*[1]

*Leo Teats* and *Ralph Teats,* for appellant.

*The Attorney General, John E. Belcher, Assistant, Thor C. Tollefson, G. E. Peterson,* and *Hayden, Metzger & Blair,* for respondents.

[1]Reported in 102 P. (2d) 258.

JEFFERS, J.—This action was instituted by J. S. Heisey, as a taxpayer of Pierce county, under the declaratory judgment act (Rem. Rev. Stat. (Sup.), §§ 784-1 to 784-17 [P. C. §§ 8108-21 to 8108-37], Laws of 1935, chapter 113, p. 305, as amended by Laws of 1937, chapter 14, p. 39), against port of Tacoma, a municipal corporation (which will hereinafter be referred to as the district), and the commissioners thereof, county of Pierce, and its commissioners, to obtain a judgment declaring chapter 45, Laws of 1939, p. 130, Rem. Rev. Stat. (Sup.), § 9709-1 [P. C. § 4475-11] *et seq.* (port districts act), unconstitutional. Defendants demurred to the complaint, and the trial court sustained the demurrers. Plaintiff elected to stand upon his complaint, and a judgment of dismissal with prejudice was entered on October 18, 1939, from which this appeal was taken.

We deem it necessary to an understanding of the question raised by appellant, to set out quite fully the allegations of the complaint. Inasmuch as the only allegation showing the interest of appellant is contained in the first paragraph of the complaint, we will set out in full that paragraph:

"That the plaintiff is at this time and was at all times herein mentioned a resident of Tacoma, Pierce county, Washington, and a taxpayer thereof, and that as such taxpayer he is interested, and his rights will be affected by, the acts and threatened acts of the defendants as hereinafter alleged."

The complaint further alleges that, pursuant to chapter 45, Laws of 1939, the district and its commissioners have formed an industrial development district on the tideflats adjacent to and in the city of Tacoma; that heretofore Pierce county has foreclosed tax liens upon large areas of land on the tideflats in and adjacent to the city of Tacoma and within the industrial develop-

ment district aforesaid; and that, under the authority given the county by the act, its commissioners propose to deed much, if not all, of such land to the port district, for the purposes set out in the act.

It may be well at this point to refer to that part of the act which deals with the manner in which such land is held by the district, after the land is conveyed to it. This provision is found in § 2 of the act, p. 131, and, so far as material, provides:

"Such lands shall be held in trust by the port district and administered, improved, developed, leased and/or sold under the provisions of this act or any amendment thereof. Any moneys derived from the lease or sale of such lands shall be distributed as follows:

"(a) The expense incurred by the port district for the administration, improvement and development of said lands shall be returned to the general fund of the port district.

"(b) Any balance remaining shall be paid to the county in which the lands are located, to be paid, distributed and prorated to the various funds in the same manner as general taxes are paid and distributed during the year of such payment." Rem. Rev. Stat. (Sup.), § 9709-2 [P. C. § 4475-12].

It is further alleged in the complaint that the district intends to, and will, *if the act is adjudicated to be valid,* develop a system of harbor improvements and development for industrial and all other purposes set forth in the act; that in the proposed development there are large tracts of privately owned property which the district will seek to appropriate by eminent domain proceedings authorized by the act, to be used and/or sold as authorized by the act; *that all the respondents will, if the act is adjudicated to be valid,* do all the things and acts which the act purports to authorize; that the act is repugnant to the state constitution, in that it releases and discharges the county and the inhabitants thereof from its and their proportionate

share of taxes to be levied for state purposes, and is a commutation of such taxes.

The complaint further states that the act is repugnant to Art. I, § 16, of the state constitution, as amended by the ninth amendment, in that the eminent domain proceedings authorized by the act are, and amount to, a taking for private use of lands other than for the purpose of private ways of necessity, and for drains, flumes and ditches, on or across the lands of others, for agricultural, domestic or sanitary purposes; that, by the act, the district is authorized to lease property acquired through the county; that such purported authority is repugnant to Art. VII, § 1, of the state constitution, as amended by the fourteenth amendment, in that, by indirection, it permits the suspension or surrender of the power of taxation; that, by the act, the district is authorized to sell property acquired from the county to persons or corporations, at any price deemed advisable by the district, and from such sale retain its costs of improvement and administration, paying to the county, for various funds for which the tax was levied, the balance, if any; that the granting of such power to the district is repugnant to Art. VII, § 1, of the state constitution, as amended by the fourteenth amendment, in that it amounts to the surrender, suspension, and contracting away of the power of taxation; that the act is further repugnant to Art. VII, § 1, *supra,* in that the taxes on the same class of property within the district will not be uniform.

The allegations of the complaint further state that, by § 7 of the act, p. 134, Rem. Rev. Stat. (Sup.), § 9709-7 [P. C. § 4475-17], properties whose owners have made prudent investments of twenty-five thousand dollars or more, in improvements, are not subject to eminent domain proceedings, which exemption is repugnant to Art. XII, § 10, and Art. I, § 16, of the state constitution,

which provide, in substance, that all private property may be acquired for public use by eminent domain proceedings; that § 7, by exempting from the right of eminent domain property having a prudent investment in improvements of twenty-five thousand dollars or more, is repugnant to the fourteenth amendment to the Federal constitution, in that it denies equal protection of the law to persons or corporations owning property within the district, having a prudent investment in improvements of less than twenty-five thousand dollars; that, by § 7 of the act, property upon which the owners have made a prudent investment in improvements of twenty-five thousand dollars or more, is not subject to eminent domain proceedings, and, by such section, the question of the amount prudently invested is a judicial question, to be determined at the same time and manner as the question of public use; that, by such provision, the right of trial by jury is denied to both the district seeking to acquire the property and the owner of the property sought to be condemned, in violation of Art. I, § 16, of the state constitution; that, by the act, the power to condemn private property for private use is repugnant to the due course clause of the fourteenth amendment to the Federal constitution.

Appellant's assignments of error are based upon the sustaining of respondents' demurrers to the complaint, and the entry of judgment dismissing the action.

The questions presented, as stated by appellant, are whether or not the port districts act violates any or all of the constitutional provisions set out in the complaint.

A demurrer admits the truth of facts well pleaded, but does not admit conclusions or facts not well pleaded.

The only interest which appellant has in this litigation, and in obtaining a declaratory judgment herein, that appears from the complaint, is found in the alle-

gations of paragraph 1, to the effect that he is a resident of Pierce county and a taxpayer thereof, and that, as such taxpayer, he is interested in, and his rights will be affected by, the acts and threatened acts of respondents. It is not alleged that appellant owns any property within the limits of the district, or that he is in any way interested in any such property, or that he is or will be in any way affected by the acts of respondents, other than as such acts will affect him as a taxpayer, and it is not alleged specifically in what way he will be affected, or in what way his constitutional rights are or can be invaded. The only inference we can draw from this pleading, which might be considered favorable to appellant, is that, if the commissioners of Pierce county should deed the tax title land to the district, such action would amount to a release and discharge of the county and its inhabitants from its and their proportionate share of taxes to be levied for state purposes, in violation of Art. I, § 16, of the state constitution, as amended, and that such action would result in an increase in taxes on the other property of Pierce county, to appellant's detriment. It must be kept in mind, however, that property while so held by the county is not subject to taxation, and that, if the property is conveyed to the district in trust, as the act provides, no different situation would result.

That appellant has no basis upon which he may question the port districts act, in so far as any conveyance of tax title land by Pierce county to the district is concerned, even if it be conceded that the allegations of the complaint in regard to such conveyance are sufficient, is apparent from the decision in the case of *Vance Lumber Co. v. King County,* 184 Wash. 402, 51 P. (2d) 623, wherein we held that § 1, chapter 166, Laws of 1935, p. 553, Rem. Rev. Stat. (Sup.), § 11273-1b [P. C. § 6882-138½a], did not act to release or discharge any

portion of state taxes levied, and that therefore the act did not offend against Art. XI, § 9, of the state constitution. It is admitted that state taxes levied and unpaid for the statutory period would not be discharged by the port districts act. We are also satisfied that any such conveyance by the county to the district would not offend against Art. XI, § 9, *supra*, or violate any constitutional right of appellant, as the legislature may abolish or legislate out of existence a tax lien of any kind. *Gasaway v. Seattle*, 52 Wash. 444, 100 Pac. 991; *North Spokane Irr. Dist. v. Spokane County*, 173 Wash. 281, 22 P. (2d) 990. Further, it does not appear herein that, by such conveyance to the district, the county and the state will not eventually receive as much money, to be credited to the various funds, as they would had the property not been so conveyed.

■ Having these facts in mind, let us look at the pertinent provisions of the declaratory judgment act, for it is apparent that the first question confronting us is whether or not appellant is such a person as may bring this action. Rem. Rev. Stat. (Sup.), § 784-2 [P. C. § 8108-22], provides:

"A person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract or franchise and obtain a declaration of rights, status or other legal relations thereunder." Laws of 1935, chapter 113, p. 305, § 2.

In the following cases, we have held that the validity of a statute may be tested by an action brought under the declaratory judgment act: *Johnson v. State*, 187 Wash. 605, 60 P. (2d) 681, 106 A. L. R. 237; *Acme Finance Co. v. Huse*, 192 Wash. 96, 73 P. (2d) 341, 114 A. L. R. 1345; *State ex rel. Yakima Amusement Co. v.*

*Yakima County,* 192 Wash. 179, 73 P. (2d) 759; *Opportunity Township v. Kingsland,* 194 Wash. 229, 77 P. (2d) 793; *Washington Beauty College v. Huse,* 195 Wash. 160, 80 P. (2d) 403; *McDermott v. State,* 197 Wash. 79, 84 P. (2d) 372.

In the *Acme Finance Co.* case, *supra,* the history of this legislation was reviewed at considerable length, and many cases were cited and discussed. This court then announced certain rules relative to conditions which must first be shown in order to make the act available. We quote from the cited case:

"A proper case for such relief is presented when a plaintiff alleges (1) that he will be directly damaged in person or in property by enforcement of a statute; (2) that the defendant is charged with the duty of enforcing the statute; and (3) is enforcing it or is about to do so; and claims, upon these allegations, that such enforcement will result in the infringement of his (the plaintiff's) constitutional rights."

In the cited case, plaintiff was in the loan business, and claimed it would be directly affected by the law attacked, which was the small loans act. It is apparent that plaintiff had a direct interest in, and would be directly affected by, the act in regard to which a declaratory judgment was sought.

In the *Washington Beauty College* case, *supra,* we stated:

"It should be remembered that this court is not authorized to render advisory opinions or pronouncements upon abstract or speculative questions under the declaratory judgment act. The action still must be adversary in character between real parties and upon real issues, that is, between a plaintiff and defendant having opposing interests, and the interests must be direct and substantial and involve an actual as distinguished from a possible or potential dispute, to meet the requirements of justiciability.

"The term 'substantial interest' is not susceptible

of a precise definition. It is a matter for judicial determination in each particular case. . . .

"No showing has been made of any direct or substantial injury threatened or suffered by appellant so as to present a justiciable issue. In our opinion, its interest is too remote to entitle it to invoke the declaratory judgment act."

In the case of *Adams v. Walla Walla,* 196 Wash. 268, 82 P. (2d) 584, we held there was no justiciable issue presented, stating:

"No strike or restraint by the city of patrolling or loitering, pursuant to the ordinance in question, has been alleged, nor has any actual enforcement thereof, with respect to appellants, been shown. There is nothing alleged but a remote, contingent peril to appellants. Any decision at this time, in the absence of any controversy, would be purely academic. Borchard on Declaratory Judgments (1934), 44. We are compelled to conclude that no justiciable issue has been presented to entitle appellants to invoke the declaratory judgments act."

For a general discussion of "Conditions of Suit for Declaratory Judgment," see Borchard on Declaratory Judgments, 26-61. On page 36, Mr. Borchard states:

"When the attack is upon a statute, the plaintiff must show not only the existence of the statute, but the fact that he is personally affected by it to an extent warranting judicial relief. This, of course, is only a principle, the application of which rests in judicial appreciation and discretion. It has already been observed that a taxpayer is not deemed to have a sufficient pecuniary interest to challenge, by injunction or otherwise, the expenditure of federal moneys or the validity of a federal statute. His interest to challenge state and local expenditures is more freely admitted.

"To challenge other public action, the plaintiff must usually have a direct personal interest likely to be squarely affected."

A reading of the cases of *Johnson v. State, supra; Acme Finance Co. v. Huse, supra; State ex rel. Yakima Amusement Co. v. Yakima County, supra; Opportunity Township v. Kingsland, supra; McDermott v. State, supra;* and *Inland Empire Rural Electrification v. Department of Public Service,* 199 Wash. 527, 92 P. (2d) 258, wherein we held, specifically or in effect, that all of the necessary conditions were present to entitle the plaintiff to bring the action under the declaratory judgment act, will clearly show the difference between the allegations of the complaints in the cited cases and the allegations of the complaint in the instant case, as to the interest of the plaintiff.

In *Thompson v. Chilton County,* 236 Ala. 142, 181 So. 701, it was held that a resident taxpayer had such an interest in the funds of the county as would authorize him, under the provisions of the uniform declaratory judgment act of Alabama, to file a proceeding to prevent the illegal and wrongful expenditure of such funds. It was further held that a justiciable issue was presented.

In the case of *Zoercher v. Agler,* 202 Ind. 214, 172 N. E. 186, 907, 70 A. L. R. 1232, the court held a taxpayer had a sufficient interest to invoke the declaratory judgment act of Indiana to test the constitutionality of a statute under which the taxing authorities were proceeding to levy a tax which would directly affect the taxpayer.

In the instant case, appellant does not allege the expenditure of any public funds, or the levy of any tax, in which he is directly interested, or by which he would be affected, and we are therefore of the opinion that this line of cases, of which the two last cited are typical, is not applicable herein.

We have been cited to no case, nor have we found any, where a taxpayer was held to have a sufficient in-

terest to bring an action under a declaratory judgment act, in this or any other state, on such general allegations as are contained in the complaint in the instant case, where it so clearly appears from the complaint that the taxpayer could not possibly be affected by the acts complained of, and where it further appears from the complaint itself that the questions raised by appellant involve only possible or potential disputes, and not real controversies.

We are satisfied that, under the great weight of authority, and particularly under the rules announced in the cases of *Acme Finance Co. v. Huse, supra; Washington Beauty College v. Huse, supra; Adams v. Walla Walla, supra; Perry v. Elizabethton*, 160 Tenn. 102, 22 S. W. (2d) 359; *General Securities Co. v. Williams*, 161 Tenn. 50, 29 S. W. (2d) 662; *White Packing Co. v. Robertson*, 17 Fed. Supp. 120 (affirmed C. C. A., 89 F. (2d) 775); and *Oregon Creamery Manufacturers Ass'n v. White*, 159 Ore. 99, 78 P. (2d) 572, it does not sufficiently appear from the complaint herein that appellant has such a real and substantial interest in the port districts act as would entitle him to bring an action under our declaratory judgment act, to test the constitutionality of the port districts act. We are also of the opinion that the complaint does not show such a direct or substantial injury, threatened to or suffered by appellant, as to present a justiciable issue. The interest, if any, which he has is too remote and uncertain to entitle him to invoke the declaratory judgment act.

The judgment of the trial court will be modified to the extent of striking therefrom the words "with prejudice," and, for the reasons herein announced, the judgment as modified is affirmed.

BLAKE, C. J., STEINERT, and BEALS, JJ., concur.