[No. 35954.   Department Two.   December 14, 1961.]

GOVERNMENT EMPLOYEES INSURANCE COMPANY, *Respondent,*
v. LUCY WOODS, *as Administratrix, Defendant,* SAM
ALDER, *Individually, and as Guardian, Appellant.**

*Reported in 367 P. (2d) 21.

*Gladstone & Day,* by *Wayne Gladstone,* for appellant.

*Loney, Westland & Koontz,* for respondent.

DONWORTH, J.—This is an appeal from a summary judgment for the plaintiff in a declaratory judgment action brought by an insurance company to determine its liability under a public liability policy issued by it. The defendants were the insured named in the policy and one Sam Alder, who had brought suit against the named insured and his former wife to recover damages for alleged negligent operation of a motor vehicle.

The facts as agreed to by the parties and set out in the pretrial order are substantially as follows:

December 29, 1957, Marion F. Woods (hereafter called husband) and Maxie Woods (hereafter called wife) were remarried. At that time, husband was the owner of a 1948 Studebaker, and wife was in the process of purchasing, under a conditional sale contract, a 1948 Plymouth automobile, which was registered in her name. The latter automobile became, and, for purposes of this case, is treated as community property. In June, 1958, the parties separated, wife taking the Plymouth with her. The parties have not resided together since. About two months later, husband commenced a divorce action against his wife. Shortly after the divorce action was commenced, husband took out an automobile liability insurance policy which

named him as the insured and described his Studebaker as the insured vehicle.

The situation, then, at the time husband applied for and obtained this insurance policy, was that he and wife were separated and a divorce action had been commenced; wife was in possession of the Plymouth car, which was registered in her name; and husband was the "owner" of that car in so far as it was community property.

November 4, 1958, while driving the Plymouth registered in her name, on her own business, wife collided with the automobile of Sam Alder, resulting in damage to said vehicle and injury to Sam's minor son Donald.

November 20, 1958, a default decree of divorce was entered against wife.

In March, 1959, Sam Alder, individually, and as guardian for his son Donald Alder, brought a property damage and personal injury action against both husband and wife in the Benton County Superior Court. The defense of the action was tendered to respondent insurance company, which rejected the tendered defense on the basis that there was no coverage afforded by the policy for the automobile involved nor for the defendants involved.

Thereupon, respondent brought this action against the insured husband, wife, and Sam Alder, for a declaratory judgment determining that the policy of insurance did not cover liability for the injuries or damages allegedly resulting from the automobile accident described in Sam Alder's complaint.

■ Since the present action was brought under RCW 7.24, it is appropriate to discuss the jurisdictional question before discussing what happened in the trial court. Do the facts stated in the pretrial order present a sufficiently justiciable controversy to sustain a declaratory judgment action? We hold that they do. The terms of the policy require the company to defend, on behalf of the named insured, any suit brought against him (whether bona fide or fraudulent) which is based on a cause of action which is

within the coverage of the policy.[1] The respondent has already refused to defend the pending action brought by Sam Alder against the insured. Such refusal can be legally justified only if the policy does not afford insurance coverage for the defense of the pending action involving the automobile collision described above. Therefore, a judgment declaring that the policy does not cover the collision involved herein would establish the only possible legal justification for respondent's refusing to defend the action brought by Alder against the insured. Since respondent seeks an answer to the one question which must necessarily be answered in order to establish whether or not it has a legal right to refuse to defend a pending suit (which it has already been asked to defend), there is a justiciable controversy. See *National Indemnity Co. v. Smith-Gandy,* 50 Wn. (2d) 124, 309 P. (2d) 742 (1957), and *Conaway v. Time Oil Co.,* 34 Wn. (2d) 884, 210 P. (2d) 1012 (1949). *Cf. Adams v. Walla Walla,* 196 Wash. 268, 82 P. (2d) 584 (1938).

The next question the court must decide is substantially the same as that decided in *Trinity Universal Ins. Co. v. Willrich,* 13 Wn. (2d) 263, 124 P. (2d) 950, 142 A. L. R. 1 (1942), where the plaintiff claimed the policy had been canceled prior to the time of the accident involved therein. The question, as decided in that case, is

" . . . whether the court, in a declaratory judgment action brought to determine disputed questions relative to the coverage and cancellation of an insurance policy, has jurisdiction to adjudicate the rights of third parties who are asserting claims for damages against the insured and who have for that reason been brought into the declaratory action. Stated in another form, the question is whether third party claimants are proper parties in a declaratory action of this sort.

---

[1]"II.  Defense, Settlement, Supplementary Payments

"With respect to such insurance as is afforded by this policy for bodily injury liability and for property damage liability, the company shall:

"(a)  defend any suit against the insured alleging such injury, sickness, disease or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent, . . . "

"Rem. Rev. Stat. (Sup.), § 784-11 . . . [now RCW 7.24.110], provides:

" 'When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. . . .'

The appellants in this action have claims which may, and probably will, be vitally affected by the declaration in this case, for if they recover judgment against Willrich, they will have the right to compel respondent to pay that judgment, unless in some proceeding binding on them the respondent establishes its nonliability as insurer at the time of the accident. Were appellants not made parties herein, the declaration now sought by respondent could not be asserted to the prejudice of appellants' rights.

"Whenever the question has arisen, at least in recent years, it has been held that third party damage claimants, such as appellants in this case, are proper, and in some cases even necessary, parties to the declaratory action. . . ."

See, also, Annotation, 71 A. L. R. (2d) 723, and 16 Am. Jur., Declaratory Judgments §§ 55-62.

After this action was brought, a pretrial hearing was had, resulting in the entry of a pretrial order which resolved certain of the factual issues in the case. Thereafter, respondent insurance company moved for a summary judgment which the court granted after hearing argument of counsel and considering the written briefs of the parties. The trial court found that the Plymouth car registered in wife's name is not covered by the insurance policy, and that, therefore, the insurance company could not be liable for any damages which might arise from wife's accident.

The memorandum decision of the trial court was filed October 24, 1960. Thereafter, on December 29, 1960, in open court, it was ordered that Lucy Woods, administratrix of the estate of Marion F. Woods, be substituted as a party defendant in this action in place of Marion F. Woods.

In this appeal from the trial court's ruling, appellant claims that wife's Plymouth car was covered by the insurance policy because it was *owned* by the insured. He as-

serts that the insurance company must pay for any liability that husband may incur which might arise out of his "ownership" of any automobile. The insurance policy must be so interpreted, he states, because (1) the Plymouth is included under the coverage for "described automobile" in the policy, and (2) the provisions of the safety responsibility law, to which law the policy refers, compel the same result. On these two arguments, appellant bases his appeal.

The policy covers the insured for any liability he may incur because of his ownership of the "described automobile." Husband's Studebaker is described in the policy, but appellant contends that the Plymouth registered in wife's name is included in the same coverage because of the definition of "described automobile" given in the policy:

" . . . the motor vehicle or trailer described in this policy or, if none is so described, with respect to coverages A, B and division 1 of coverage C, *and* private passenger automobile owned on the effective date of this policy by the named insured or by his spouse if a resident of the same household." (Italics ours.)

Appellant asserts that the foregoing definition clearly provides coverage with respect to every car owned by the insured, *in addition* to coverage provided with respect to the car described in the policy. At the least, he says, the language is ambiguous, and any ambiguity must be resolved in favor of the insured and against the insurer.

Respondent contends that not only does the definition have no such meaning, but in order to have any meaning the "and" must be changed to "any." (The trial judge, apparently *sua sponte*, remarked in his memorandum decision that "any" must have been the intended word.) Respondent claims that a car owned by the insured, but to which no reference is made in the policy, would be covered only if no car is described in the policy.

As printed, the sentence in question is vague and ambiguous, if not meaningless. Appellant has offered a rule of construction which would require us to resolve all doubts in favor of the insured. Such a rule could well

come into play if, after an exhaustive attempt to ascertain the intended meaning of the sentence was made, a reasonable doubt remained. But we have examined the sentence in context, and, after a thorough reading of the entire insurance contract, we have concluded that the sentence is not capable of the meaning that appellant contends we must find. There is *no* doubt that in this case, where there is only one automobile described in the policy (the Studebaker owned by husband and registered in his name), coverage for "described automobile" does *not* include coverage for other automobiles owned by the insured and *not* described in the policy. Appellant's first contention, therefore, fails.

The alternative contention advanced by appellant is that the trial court erred in its construction of the provisions of the Washington safety responsibility laws, "as the same are embraced in and made a part of the provisions of the subject policy. . . ." The paragraph of the policy relied upon by appellant is as follows:

"9. FINANCIAL RESPONSIBILITY LAWS COVERAGES A AND B. When this policy is certified as proof of financial responsibility for the future under the provisions of the motor vehicle financial responsibility law of any state or province, such insurance *as is afforded by this policy* for bodily injury liability or for property damage liability shall comply with the provisions of such law which shall be applicable with respect to any such liability arising out of the ownership, maintenance or use of *the* automobile during the policy period, to the extent of the coverage and limits of liability required by such law, but in no event in excess of the limits of liability stated in this policy. The insured agrees to reimburse the company for any payment made by the company which it would not have been obligated to make under the terms of this policy except for the agreement contained in this paragraph." (Italics ours.)

Appellant contends that the foregoing provision of the policy incorporates, by reference, all the provisions of the Washington safety responsibility law (RCW 46.24), and that this statute requires coverage for *all* automobiles owned by the insured. Thus, according to appellant, the insur-

ance policy, through its reference to the statute, provides insurance coverage for *all* automobiles owned by the person insured.

■■ There is no need to make a relatively complex analysis of the safety responsibility law in order to demonstrate that this paragraph fails to provide insurance coverage for every car owned by the insured. The quoted paragraph merely states that *such insurance as is afforded by the policy,* with respect to bodily injury and property damage liability, shall comply with the statute. The provisions of the financial responsibility law are to apply to bodily injury and property damage liability ("such liability") which may arise out of ownership of "the" automobile. By this provision, the coverage for "the" automobile is extended, if necessary, to comply with the requirements of the statute. " ' "Coverage" means "the sum of risks which an insurance policy covers." ' " *Freimuth v. Glens Falls Ins. Co.,* 50 Wn. (2d) 621, 314 P. (2d) 468 (1957).

Under no circumstances could this provision of the policy be interpreted to provide coverage for any car *other than* the named automobile. When the provision takes effect, it is to protect against only such bodily injury or property damage liability connected with "the" car, as the statute may require. The paragraph referred to provides for necessary expansion of coverage for the one car which is insured in the policy. It is not a blanket incorporation of the Washington safety responsibility law, but, rather, a self-limiting provision incorporating whatever coverage against public liability the statute may require on the part of the insured with respect to *the insured automobile.*

It is clear, then, that this provision of the policy does not expand the coverage of the policy to all other automobiles that the insured person may own or in which he may have a legal interest. Therefore, appellant's alternative contention also fails.

We hold that, under the terms of the policy and the facts stated in the pretrial order, none of the defendants

below or appellant has any right or claim against the respondent arising out of the automobile collision involved herein. The judgment of the trial court is affirmed.

FINLEY, C. J., MALLERY, OTT, and HUNTER, JJ., concur.