Carl **PAULSON**, Appellant,

v.

**NATIONAL INDEMNITY COMPANY**, Appellee.

No. 1462.

Supreme Court of Alaska.

June 23, 1972.

---

62. *See* Preferred General Agency of Alaska, Inc. v. Raffetto, 391 P.2d 951, 954 (Alaska 1964).

M. Ashley Dickerson, Anchorage, for appellant.

Kenneth P. Jacobus, Hughes, Thorsness, Lowe, Gantz & Clark, Anchorage, for appellee.

Before BONEY, C. J., RABINOWITZ, and CONNOR, JJ.

## OPINION

RABINOWITZ, Justice.

The principal issue in this case is whether the Alaska Motor Vehicle Safety Responsibility Act[1] requires that an "owner's" policy, certified as proof of financial responsibility for the future, must cover all vehicles owned by the insured.

In October of 1966 Henry Dacy, while driving a 1960 GMC pickup truck, collided with a vehicle driven by appellant Carl Paulson. At the time this accident occurred, Dacy also owned a 1966 Chevrolet pickup truck. In the fall of 1965, Dacy, who then owned only the 1960 pickup, was convicted of driving while intoxicated. As a result of this conviction his driver's license was suspended. In order to have his license reinstated, Dacy was required to comply with Alaska's Motor Vehicle Safety Responsibility Act and furnish proof of financial responsibility for the future.[2]

In November 1965, before taking any steps to comply with the Motor Vehicle Safety Responsibility Act, Dacy purchased the 1966 Chevrolet pickup truck. Dacy obtained liability insurance on the new truck. Then, in January 1966, Dacy attempted to get his operator's license back relying upon the liability insurance policy he had purchased covering his 1966 Chevrolet. On applying for return of his license, Dacy was informed that his liability insurance coverage was inadequate and was given an SR–22 form. This form contained notification from the Department of Public Safety to Dacy that proof of financial responsibility for the future could be complied with

> [b]y instructing your insurance company to file with the Department of Public Safety a certificate of insurance . . . covering all motor vehicles owned by you and covering you personally in the operation of any and all motor vehicles . . . .

Dacy then purchased, through Malasarte Insurance Company, a one-year liability insurance policy written by appellee National Indemnity Company. The policy refers to Dacy's 1966 Chevrolet truck but makes no mention of the 1960 GMC pickup which Dacy then owned. Thereafter National filed a certificate of insurance with the Department of Public Safety and Dacy's operator's license was returned to him.

After the accident Paulson sued Dacy and his insurer National. In regard to his claim against National, Paulson asserted that National, by virtue of its having certified that the motor vehicle liability policy it issued to Dacy met the requirements of Alaska's Motor Vehicle Safety Responsibility Act, waived any provisions of its policy which were inconsistent with the provisions of the act. Paulson further alleged in part that National committed a fraud on

---

1. AS 28.20.010–28.20.640.

2. AS 28.20.230(b) provides:
   The term 'proof of financial responsibility for the future' as used in this chapter means proof of ability to respond in damages for liability, on account of an accident occurring after the effective date of proof, which arises out of the ownership, maintenance or use of a vehicle subject to registration under the laws of this state . . .

the general public by enabling Dacy to regain his driver's license and then refusing to provide the indemnification required of a policy certified under an SR–22 form. National, in its answer, contended that although Dacy did in fact own two vehicles at the time it issued its policy, it did not insure Dacy's 1960 GMC pickup which was involved in the accident.[3] In its answer, National alleged that the Safety Responsibility Act "specifically provides that a policy of insurance issued as proof of financial responsibility need not cover all vehicles owned by the insured."[4]

Dacy also cross-claimed against Malasarte Insurance Company and National. In his cross-claim, Dacy asserted that he went to Malasarte "to procure SR–22 liability automobile insurance pursuant to the Alaska Statute," and that he "directed the agent to write an insurance policy which would cover him for liability regardless of what car he might be driving." In its answer to Dacy's cross-claim, National reiterated its position that the Safety Responsibility Act expressly recognizes that an insurance policy issued as proof of financial responsibility need not insure all of the vehicles owned by the insured. Malasarte, in its answer to the cross-complaint, denied Dacy's factual allegations as to the coverage he requested.[5]

Thereafter National, Dacy, and Paulson moved for summary judgment. In its decision, the trial court concluded that the contract of insurance issued by National to Dacy "did not include coverage for the second vehicle which was left undeclared by . . . Dacy." The trial court then entered a partial summary judgment in favor of National against Paulson on the main claim for relief and against Dacy on

his cross-claim against National. The trial court denied Dacy's motion for summary judgment on his cross-claim against Malasarte because of the existence of genuine issues as to material facts.[6] Paulson appeals from the superior court's judgment specifying as error the trial court's grant of summary judgment to National and the trial court's refusal to grant him summary judgment.

Paulson's position on appeal is that National's policy should be held to cover this accident. He argues that the legislature's intent in enacting the Safety Responsibility Act was to afford monetary protection for the general public against damage caused by the questionable driver. Paulson argues that "the purpose of the act would be completely frustrated if the insurance company could escape liability merely because an admittedly risky driver happened to have driven a vehicle other than one covered by his policy." If one looks solely to the declaration of purpose section of the Safety Responsibility Act, Paulson's arguments appear persuasive. This section of the act declares

> [t]he legislature is concerned over the rising toll of motor vehicle accidents and the suffering and loss inflicted by them. The legislature determines that it is a matter of grave concern that motorists be financially responsible for their negligent acts so that innocent victims of motor vehicle accidents may be recompensed for the injury and financial loss inflicted upon them. The legislature finds and declares that the public interest can best be served by the requirements that the operator of a motor vehicle involved in an accident respond for damages and show proof of financial

3. In its answer, National asserted that Dacy only indicated that he owned one vehicle, the 1966 Chevrolet pickup.

4. In reply to National's answer, Paulson alleged that National was aware that the Safety Responsibility Act "requires that the suspended motorist be covered personally in the operation of any and all vehicles."

5. National cross-claimed against Malasarte seeking judgment for any damages it may be found liable to pay to Paulson.

6. The partial summary judgment did not directly affect Paulson's claim for relief against Dacy.

ability to respond for damages in future accidents as a prerequisite to his exercise of the privilege of operating a motor vehicle in the state.[7]

Unfortunately, despite this legislative declaration of grave concern and expressed intent that innocent victims of motor vehicle accidents be recompensed for injuries, the pertinent substantive sections of the Safety Responsibility Act fail to fulfill the promise contained in the declaration of purpose section of the act.

After providing for administration by the Department of Public Safety,[8] the Safety Responsibility Act is thereafter primarily concerned with two subjects, namely, the requirement of a deposit of security [9] and proof of financial responsibility for the future.[10] It is this latter facet of the act with which we are concerned in this appeal. Under the act, proof of financial responsibility for the future [11] is required of

> persons who are convicted of or forfeit bail for certain offenses under motor vehicle laws or who, by ownership or operation of a vehicle of a type subject to registration under the motor vehicle laws of this state, are involved in an accident in this state which results in bodily inju-

ry or death of a person or damage to the property of any one person exceeding $200.[12]

Since Dacy was convicted of operating a motor vehicle while under the influence of intoxicating liquor, he was required to furnish proof of his financial responsibility for the future. Under the act, proof of financial responsibility for the future may be furnished by

> filing with the department the written certificate of an insurance carrier authorized to do business in this state certifying that there is in effect a motor vehicle liability policy for the benefit of the person required to furnish proof of financial responsibility.[13]

Of significance to this appeal is the act's provision requiring that the certificate "designate by description or appropriate reference all vehicles covered by it, unless the policy is issued to a person who is not the owner of a motor vehicle." [14] National relies in part on this provision in support of its contention that a policy of insurance issued as proof of financial responsibility need not cover all vehicles owned by the insured.

National also places considerable emphasis on the act's definition of a "motor vehi-

---

7. AS 28.20.010.

8. AS 28.20.020–28.20.040; AS 28.20.630 (1).

9. AS 28.20.050–28.20.220.

10. AS 28.20.230–28.20.600. In Hart v. National Indemnity Co., 422 P.2d 1015 (Alaska 1967), we had occasion to examine the internal structure of the Motor Vehicle Safety Responsibility Act in considerable detail.

11. See note 2, *supra*, for the statutory definition of "proof of financial responsibility for the future."

12. AS 28.20.230(a). *See also* AS 28.20.240.

13. AS 28.20.410. AS 28.20.390 provides alternative methods of giving proof of financial responsibility for the future for those who do not own a vehicle. This section of the act provides:

> Proof of financial responsibility for a person who is not the owner of a vehicle may be given by filing
> (1) a certificate of insurance as provided in §§ 410 or 420 of this chapter;
> (2) a bond as provided in § 470 of this chapter;
> (3) a certificate of deposit of money or securities as provided in § 490 of this chapter; or
> (4) a certificate of self-insurance as provided in § 400 of this chapter, supplemented by an agreement by the self-insurer that, for accidents occurring while the certificate is in force, he will pay the same amount that an insurer would be obligated to pay under an owner's motor vehicle liability policy if it had issued a policy to the self-insurer.

14. AS 28.20.410.

cle liability policy." Under AS 28.20.-440(a), it is provided:

> In this chapter, 'motor vehicle liability policy' means an 'owner policy' or an 'operator's policy' containing an agreement or endorsement . . . as provided in § 410 and § 420 of this chapter as proof of financial responsibility for the future, and issued, except as otherwise provided in § 420 of this chapter, by an insurance carrier authorized to transact business in this state, to or for the benefit of the person named as insured.

Subsection (b) of AS 28.20.440 further provides that an owner's policy of liability insurance shall

> (1) designate by description or appropriate reference all vehicles which it covers; [and]

> (2) insure the person named and every other person using the vehicle with the express or implied permission of the named insured, against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of the vehicle . . . .[15]

We think these sections of the Safety Responsibility Act relied upon by National are determinative of the first impression question raised by the appeal. It is clear that these sections sanction the type of policy which National issued to Dacy. AS 28.20.410 authorized the filing of a certificate by National which stated that it had issued an effective motor vehicle liability policy for the benefit of Dacy, an individual who was required to furnish proof of financial responsibility for the future. This same section of the Safety Responsibility Act specifically provides that the certificate of insurance shall designate by de-

scription or appropriate reference all of Dacy's vehicles covered by the National policy. Furthermore, it is equally apparent that the act contemplates two types of motor vehicle liability policies, namely, an owner's policy and an operator's policy.[16] AS 28.20.440(b) (1) required National to designate all vehicles which the owner's policy issued to Dacy was intended to cover. AS 28.20.440(b) (2) required that National insure Dacy and every other person using the designated vehicle or vehicles with the express or implied permission of Dacy against loss from liability.

In our view, these sections of the Safety Responsibility Act are inconsistent with Paulson's position that an owner's motor vehicle liability policy issued as proof of financial responsibility for the future must cover all vehicles owned by the insured. Admittedly these sections of the Safety Responsibility Act are in conflict with its declaration of purpose section in that they fall short of fully effectuating the act's stated goals. Yet it is not within the province of the judicial branch to attempt to fashion a remedy for every defect in legislation which has significance in litigation before Alaska's courts. We therefore hold that Alaska's Motor Vehicle Safety Responsibility Act does not require that an owner's policy, certified as proof of financial responsibility for the future, cover all vehicles owned by the insured. Other jurisdictions faced with contentions similar to those raised by Paulson have reached the same conclusion we have as to the proper construction of their respective Motor Vehicle Safety Responsibility Acts. Lynn v. Farm Bureau Mutual Automobile Insurance Company, 264 F.2d 921, 924 (4th Cir. 1959); Howell v. Travelers Indemnity Company, 237 N.C. 227, 74 S.E.2d 610 (1953); Government Employees Insurance

15. *Compare* AS 28.20.440(c) which states, in regard to an operator's policy of liability insurance, that such policy shall insure the person named as insured against loss from the liability imposed upon him by law for damages arising out of the use by him of any motor vehicle not owned by him . .

16. AS 28.20.440(a).

Company v. Woods, 59 Wash.2d 173, 367 P.2d 21 (1961).[17]

One other facet of this appeal should be mentioned. Condition 9 of the policy which National issued to Dacy provided in regard to financial responsibility laws:

> When this policy is certified as proof of financial responsibility for the future under the provisions of the motor vehicle financial responsibility law of any state or province, such insurance as is afforded by this policy for bodily injury liability or for property damage liability shall comply with the provisions of such law which shall be applicable with respect to any such liability arising out of the ownership, maintenance or use of the automobile during the policy period, to the extent of the coverage and limits of liability required by such law, but in no event in excess of the limits of liability stated in this policy. The insured agrees to reimburse the company for any payment made by the company which it would not have been obligated to make under the terms of this policy except for the agreement contained in this paragraph.

At oral argument counsel for Paulson contended that this condition of Dacy's policy incorporated by reference all the provisions of Alaska's Safety Responsibility Act and reiterated his contention that the act requires coverage for all automobiles owned by the insured. In rejecting a similar argument based upon Condition 9, the Supreme Court of Washington in Government Employees Insurance Company v. Woods, 50 Wash.2d 173, 367 P.2d 21, 26 (1961), said:

> There is no need to make a relatively complex analysis of the safety responsibility law in order to demonstrate that this paragraph fails to provide insurance coverage for every car owned by the insured. The quoted paragraph merely states that *such insurance as is afforded by the policy*, with respect to bodily injury and property damage liability, shall comply with the statute. The provisions of the financial responsibility law are to apply to bodily injury and property damage liability ('such liability') which may arise out of ownership of 'the' automobile. By this provision, the coverage for 'the' automobile is extended, if necessary, to comply with the requirements of the statute. " ' "Coverage" means "the sum of risks which an insurance policy covers" ' ". Freimuth v. Glens Falls Insurance Co., 50 Wash.2d 621, 314 P.2d 468, 471 (1957).
>
> Under no circumstances could this provision of the policy be interpreted to provide coverage for any car *other than* the named automobile. When the provision takes effect, it is to protect against only such bodily injury or property damage liability connected with 'the' car, as the statute may require. The paragraph referred to provides for necessary expansion of coverage for the one car which is insured in the policy. It is not a blanket incorporation of the Washington safety responsibility law, but, rather, a *self-limiting provision incorporating whatever coverage against public liability the statute may required [sic]* on the part of the insured with respect to *the insured automobile.*
>
> It is clear, then, that this provision of the policy does not expand the coverage of the policy to all other automobiles that the insured person may own or in which he may have a legal interest. Therefore, appellant's alternative contention also fails. (Emphasis in original.)

The reasoning of *Woods* is persuasive and dispositive of Paulson's assertion that

---

17. We find the authorities relied upon by Paulson are all distinguishable, some because of differences in the wording of the particular state's Safety Responsibility Act.

Condition 9 of the policy in the case at bar provided coverage for the vehicle Dacy was operating at the time of the accident.

We therefore affirm the superior court's grant of summary judgment to National and denial of summary judgment to Paulson.

In reachng these conclusions we do so with full awareness that we are compelled to give effect to the owner's policy provisions of the act, which provisions simply do not measure up to the stated purpose of Alaska's Motor Vehicle Safety Responsibility Act. In such circumstances we do not believe it officious on our part to recommend to the legislature that it restudy the substantive portions of the act, with the view of amending the same to bring the act as a whole in conformity with the salutary goals stated in the declaration of purpose section of Alaska's Motor Vehicle Safety Responsibility Act.[18]

Affirmed.

ERWIN and BOOCHEVER, JJ., not participating.

[18]. We think there are many problem areas in our Safety Responsibility Act as now written. Several of the difficulties exposed by this litigation are in our view worthy of study by the legislature. As a starting point, the legislature could consider the feasibility of the amendment of AS 28.20.410 in order to delete "and shall designate by description or appropriate reference all vehicles covered by it, unless the policy is issued to a person who is not the owner of a motor vehicle." *Compare* California's comparable section of their financial responsibility law that was amended in 1965 by the deletion of "In addition the certificate shall designate by explicit description or by other appropriate reference all motor vehicles with respect to which coverage is granted by the policy certified to." Cal. Vehicle Code § 16431 (West 1971). Concerning AS 28.20.440(b) (1) and (2), the legislature could consider amendments deleting "designate by description or appropriate reference all vehicles which it covers" and deleting "the vehicle" from subsection (2). In California in 1965 that state's comparable section was amended by deletion of a subdivision which read, "Designate by explicit description or by appropriate reference all motor vehicles with respect to which coverage is thereby intended to be granted," and substitution of the words "owned motor vehicle" for "described motor vehicle." Cal. Vehicle Code § 16451 (West 1971).

*See also* Lynn v. Farm Bureau Mut. Automobile Ins. Co., 264 F.2d 921, 924 n. 1 (4th Cir. 1959), where the court refers to the fact that North Carolina amended its financial responsibility act to require not only that an operator's policy cover the insured against loss "arising out of the use by him of any motor vehicle not owned by him," but also to require that the operator's policy cover the insured while operating any motor vehicle owned by him.