**NATIONAL INDEMNITY COMPANY, Plaintiff,**

v.

**Lawrence A. SHERMAN; Robert Edward Coddington and Katherine Coddington, Parents of Robert Coddington, Deceased; and Nansen Herman Olson and Dana Lynne Olson, Parents of Dawn Olson, Deceased, and Colonial Insurance Company of California, Defendants.**

**No. S-2737.**

Supreme Court of Alaska.

July 21, 1989.

David H. Thorsness and Earl M. Sutherland, Hughes, Thorsness, Gantz, Powell & Brundin, Anchorage, for plaintiff National Indem. Co.

Stephen M. Sims, Law Offices of Stephen M. Sims, Anchorage, for defendants Robert

Edward Coddington and Katherine Coddington.

Charles W. Coe, Smith, Coe & Patterson, P.C., Anchorage, for defendants Nansen Herman Olson and Dana Lynne Olson.

Daniel T. Quinn, Richmond & Quinn, Anchorage, for defendant Colonial Ins. Co. of California.

Before MATTHEWS, C.J., and RABINOWITZ, BURKE, COMPTON and MOORE, JJ.

### OPINION

COMPTON, Justice.

While driving his 1976 Dodge pickup, Lawrence Sherman struck and killed two children. Sherman's insurer, National Indemnity Company (National), filed a declaratory judgment action in the United States District Court, District of Alaska, seeking a declaration that it did not provide coverage for the accident vehicle. The children's parents, Sherman, and Colonial Insurance Company (Colonial) argue that Alaska's Motor Vehicle Safety Responsibility Act (Act), AS 28.20.010–28.20.640, requires that National provide coverage for the accident vehicle. The district court certified to this court three questions involving the Act. This court accepted certification. *See* Alaska R.App.P. 407.

### I. FACTS AND PROCEEDINGS

In May 1985 Sherman purchased a motor vehicle insurance policy from National. The insurance policy named two vehicles: a 1976 Dodge Van and a 1979 Ford Bronco. In addition to these vehicles, the insurance policy covered any vehicle acquired to replace a named vehicle.

Because of his driving record, Sherman was required by the Act to present proof of financial responsibility. Accordingly, National filed with the Department of Motor Vehicles (Department) a certificate of insurance, AAMVA Form SR22, for Sherman. The SR22 certified insurance applicable to two vehicles: the 1976 Dodge Van and the 1979 Ford Bronco. In addition to these vehicles, the SR22 certified insurance for "any replacement(s) thereof by similar classification."

In August 1985 Sherman deleted the 1979 Ford Bronco from his insurance policy and added by endorsement a 1976 Dodge pickup. In November 1985 Sherman deleted the 1976 Dodge pickup and added a 1975 Dodge pickup. The Department was not notified of either of these changes.

On January 27, 1986, Sherman killed two children while driving the previously endorsed *and* deleted 1976 Dodge pickup. National sought a declaration that it did not provide insurance coverage for the accident vehicle at the time of the accident. All parties filed motions for summary judgment on this issue. Judge Fitzgerald certified to this court three questions of law, here revised in order for our analysis:

(1) If Form SR–22 specifies that the insurance certified applies to the named vehicles and "any replacement(s) thereof by similar classification," must an insurance company provide coverage for a vehicle that qualifies as a replacement vehicle of similar classification under SR–22, even though the insurance policy itself specifies that coverage applies only to vehicles identified in the policy?

(2) Does the Alaska Motor Vehicle Safety Responsibility Act impose an obligation on an insurance company, which insures a driver pursuant to AS 28.20.-440(b), to notify the state of any changes of the vehicles originally covered by the insurance policy and listed on Form SR–22, which is filed with the state as proof of financial responsibility pursuant to AS 28.20.410?

(3) If an insurance company is obligated to notify the state of any changes of the vehicles insured under the policy and listed on SR–22, does the insurance company's failure to notify the state constitute a waiver or otherwise estop the insurance company from claiming that the accident vehicle was not an insured vehicle under the policy?

## II. DISCUSSION

### A. IF FORM SR–22 SPECIFIES THAT THE INSURANCE CERTIFIED APPLIES TO THE NAMED VEHICLES AND "ANY REPLACEMENT(s) THEREOF BY SIMILAR CLASSIFICATION," MUST AN INSURANCE COMPANY PROVIDE COVERAGE FOR A VEHICLE THAT QUALIFIES AS A REPLACEMENT VEHICLE OF SIMILAR CLASSIFICATION UNDER SR–22, EVEN THOUGH THE INSURANCE POLICY ITSELF SPECIFIES THAT COVERAGE APPLIES ONLY TO VEHICLES IDENTIFIED IN THE POLICY?

Defendants argue that the 1976 Dodge pickup is a "replacement vehicle" as that term is meant in the SR22, is thereby a designated vehicle under AS 28.20.410,[1] and, therefore, covered by the owner's insurance policy as a matter of law. Defendants further argue that National should be precluded from denying insurance coverage for any vehicle designated in the SR22. The district court has reserved the question whether the 1976 Dodge pickup is a replacement vehicle [2] under the owner's insurance policy.

A certificate of insurance, AAMVA Form SR22, furnished as proof of financial responsibility

> shall give the effective date of the motor vehicle liability policy, which shall be the same as the effective date of the certificate, and *shall designate by description*

or appropriate reference all vehicles covered by it, unless the policy is issued to a person who is not the owner of a motor vehicle.

AS 28.20.410 (emphasis added). This court must consider whether, by certifying insurance coverage for "replacement" vehicles on the SR22, National thereby designated the 1976 Dodge pickup "by reference" under AS 28.20.410. Thus, the question is whether use of the term "replacement" vehicle in the SR22 operates to expand coverage otherwise limited by the terms of the insurance policy.

Because the defendants have not asserted that they relied to their detriment on the representations in the SR22, National cannot be precluded from denying insurance coverage on the basis of equitable estoppel. *See Merdes v. Underwood*, 742 P.2d 245, 248 (Alaska 1987). Instead, the Act is offered by defendants as the basis upon which National should be precluded from denying insurance coverage. Defendants contend that the Act, by requiring insurers to file a certificate of insurance and to "designate by description or appropriate reference all vehicles covered by it," demands by necessary implication that insurers be precluded from denying insurance coverage for vehicles designated in the SR22, even though they are not covered by the insurance policy. In defendants' view, "it" refers back to the certificate of insurance, the SR22.

The driving privileges of those required to file proof of financial responsibility are

---

1. AS 28.20.410 provides:

 Proof of financial responsibility for the future may be furnished by filing with the department the written certificate of an insurance carrier authorized to do business in this state certifying that there is in effect a motor vehicle liability policy for the benefit of the person required to furnish proof of financial responsibility. The certificate shall give the effective date of the motor vehicle liability policy, which shall be the same as the effective date of the certificate, and shall designate by description or appropriate reference all vehicles covered by it, unless the policy is issued to a person who is not the owner of a motor vehicle.

2. National asserts that a "replacement vehicle" is a vehicle which is added to the policy by

endorsement, "replacing" a deleted vehicle. Colonial asserts that a "replacement vehicle" is simply a vehicle which the insured uses in the place of a designated vehicle. The term "replacement vehicle" has a well-established meaning in the insurance industry—the criteria for "replacement vehicle" do not include a requirement that the vehicle have been added to the policy. *See Yenowine v. State Farm Mut. Auto. Ins. Co.*, 342 F.2d 957 (6th Cir.1965), *cert. denied*, 382 U.S. 830, 86 S.Ct. 68, 15 L.Ed.2d 74 (1965); *Fitch v. Bye*, 288 Minn. 344, 180 N.W.2d 866 (1970); *Comet Casualty Co. v. Holloman*, 113 Ill.App.3d 271, 68 Ill.Dec. 866, 446 N.E.2d 1263 (1983); *Ray v. State Farm Mut. Auto. Ins. Co.*, 152 So.2d 566 (La.App.1963); *Pioneer Casualty Company v. Jefferson*, 456 S.W.2d 410 (Tex. Civ.App.1970).

not, to our knowledge, expressly limited by AS 28.20.010–28.20.640 or by the terms of the SR22. That is, the Department does not expressly restrict driver's licenses to operation of only those vehicles designated in the SR22. Rather, the Department grants driving privileges upon certification that the driver is covered by an insurance policy as to *some* vehicle. As long as the driver is insured as to some vehicle, discrepancies between vehicles designated in the SR22 and the insurance policy do not *mislead* the Department. If the driver is insured as to *some* vehicle, no administrative purpose is served by precluding the insurer from denying insurance coverage for those vehicles not covered by the insurance policy.

We read the relevant provision of AS 28.20.410 as follows:

> The certificate shall give the effective date of the motor vehicle liability policy ... and shall designate by description or appropriate reference all vehicles covered by it [the motor vehicle policy]....

So read, any apparent ambiguities or conflicts between the statute, the Form SR22 and the terms of the insurance policy disappear. A replacement vehicle is one which is so defined in the insurance policy.

We believe this reading to be consistent with other sections of the statute, as well as our decision in *Paulson v. National Indemnity Co.*, 498 P.2d 731 (Alaska 1972).

As we conclude in § II B. *infra*, the term "the insurance certified" in AS 28.20.450 refers to the insurance policy identified in the SR22, not the designated vehicles described in the SR22.

AS 28.20.440 provides in part:

> (a) In this chapter, "motor vehicle liability policy" means an "owner policy" or an "operator policy" containing an agreement or endorsement as provided in this section or certified as provided in AS 28.20.410 or AS 28.20.420 as proof of financial responsibility for the future ...
> (b) The owner's policy of liability insurance shall
>
> (1) designate by description or appropriate reference all vehicles which it covers;

> ....
> (f) Every motor vehicle liability policy is subject to the following provisions but these provisions need not be contained in the policy.
>
> ....
> (4) The policy, the written application for the policy, if any, and every rider or endorsement which does not conflict with the provisions of this chapter constitute the entire contract between the parties.

These sections focus on the insurance policy, and provisions to be contained therein, *not* the certificate of insurance. These sections do not suggest that SR22 expands coverage beyond that which is contained in the insurance policy.

*Paulson* presented this court with a question of first impression that is analogous to the case at bar. The driver, Dacy, owned two vehicles but insured only one of them. 498 P.2d at 732. The insured vehicle was certified to the Department on the SR22. *Id.* The accident vehicle was not listed on the insurance policy or the SR22. *Id.* Dacy's insurer, National Indemnity Company, denied coverage for Dacy's undeclared vehicle. *Id.* at 733. The trial court granted National's motion for summary judgment. Paulson, the victim, appealed. *Id.*

On appeal this court sustained the trial court's conclusion that National was not required to provide insurance coverage for all vehicles owned by Dacy in order to satisfy the requirements of the Act. We opined that sections 28.20.410, 28.20.440(a) and 28.20.440(b) were determinative of the issue raised:

> It is clear that these sections sanction the type of policy which National issued to Dacy. AS 28.20.410 authorized the filing of a certificate by National which stated that it had issued an effective motor vehicle liability policy for the benefit of Dacy, an individual who was required to furnish proof of financial responsibility for the future. This same section of the Safety Responsibility Act specifically provides that the certificate of insurance shall designate by description or appro-

priate reference all of Dacy's vehicles covered *by the National policy.* Furthermore, it is equally apparent that the act contemplates two types of motor vehicle liability policies, namely, an *owner's policy* and an operator's policy. AS 28.-20.440(b)(1) required National to designate all vehicles which the owner's policy issued to Dacy was intended to cover. AS 28.20.440(b)(2) required that National insure Dacy and every other person using the designated vehicle or vehicles with the express or implied permission of Dacy against loss from liability.

*Paulson,* 498 P.2d at 735 (footnote omitted, emphasis added). Our conclusion was clear: the insurance policy defines the scope of coverage, not the SR22.

 We hold that an insurer is not precluded from denying insurance coverage for vehicles which may be designated in the SR22, but which are not covered by the insurance policy.[3] The answer to this certified question is "No."

**B. DOES THE ALASKA MOTOR VEHICLE SAFETY RESPONSIBILITY ACT IMPOSE AN OBLIGATION ON AN INSURANCE COMPANY, WHICH INSURES A DRIVER PURSUANT TO AS 28.20.440(b), TO NOTIFY THE STATE OF ANY CHANGES OF THE VEHICLES ORIGINALLY COVERED BY THE INSURANCE POLICY AND LISTED ON FORM SR–22, WHICH IS FILED WITH THE STATE AS PROOF OF FINANCIAL RESPONSIBILITY PURSUANT TO AS 28.-20.410?**

 Defendants contend that AS 28.20.-450 requires insurers to notify the state whenever a vehicle is added to or deleted from a policy. AS 28.20.450 provides:

When an insurance carrier certifies a motor vehicle liability policy under AS 28.-20.410 or 28.20.420 *the insurance certified* may not be cancelled or terminated

until at least 10 days after a notice of cancellation or termination of the insurance is filed with the department, except that a policy subsequently procured and certified shall, on the effective date of its certification, terminate for the purpose of this chapter the insurance previously certified for a vehicle designated in both certificates.

(Emphasis added).

Defendants further contend that the information provided by the insurer under AS 28.20.410, including the designation of covered vehicles, defines "the insurance certified." Thus any change in this information, such as the deletion of a previously covered vehicle, effectively terminates "the insurance certified."

National contends that the term "the insurance certified" refers simply to the insurance *policy* which was certified. Thus, an insurer is required to notify the state under AS 28.20.450 only if the entire *policy* is cancelled.

The interpretation urged upon us by defendants is inconsistent with the Act. Driving privileges are extended under the Act as long as the insured is covered as to *some* vehicle. Thus, any change in the policy, short of cancellation, has no effect on driving privileges. Notification of additions or deletions would merely provide the Department with information of no use to it.

We hold that insurers are not required to notify the state when vehicles are added to or deleted from a policy. The answer to this certified question is "No."[4]

## III. CONCLUSION

In *Paulson,* we observed that the Act, by conditioning driving privileges upon certification as to a single vehicle, offered far less protection than it might from financially irresponsible drivers. The shortcoming which gives rise to the dispute in this case was identified in *Paulson:* the Act does not require that an insurance policy offered

---

**3.** This case involves a certificate of insurance provided pursuant to AS 28.20.010–28.20.640. Its holding has no application to other certificates of insurance.

**4.** In view of our answer to this question, we need not address question No. 3.

as proof of financial responsibility cover all vehicles driven by the insured. Again we can only recommend to the legislature that it restudy the substantive provisions of the Act.